JAMES H. WOOLSEY and others *vs.* MICHAEL O'BRIEN and another.

June 26, 1876.

**Offer of Judgment—Costs:**—Under Gen. St. c. 66, § 241, when the defendant offers to allow judgment to be taken against him for a specified amount, and costs, which offer is not accepted, unless the plaintiff recover a more favorable judgment than that offered him by defendant, he cannot recover the disbursements of the action, but they must be allowed to defendant. The word "costs," as used in that section, includes disbursements.

Appeal by defendants from a judgment of the court of common pleas of Ramsey county, entered pursuant to an order of *Brill*, J.

*O'Brien & Eller*, for appellants.

*W. P. Warner*, for respondents.

GILFILLAN, C. J. In the court below, after issue joined, the defendants, under the statute, served a written offer upon plaintiffs to allow judgment to be taken against them for a specified sum and costs. The offer was not accepted, and, upon a trial, the plaintiffs recovered less than the sum specified in the offer. By reason of this the defendants objected to the allowance of any costs or disbursements to plaintiffs, and claimed that they were entitled to costs and disbursements. The clerk of the district court sustained defendants in their objections, and, upon an appeal to the court, an order was made that plaintiffs recover disbursements in the action, and that defendants

recover $10 costs. From the judgment entered, including these disbursements, the defendants appealed to this court.

The question in the case is, does the clause in Gen. St. c. 66, § 241, providing that, in case of an offer by defendant to allow judgment to be taken for a specified sum and costs, not accepted by plaintiff, " if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs, but must pay costs to the defendant," use the words " costs " in the limited sense in which it is used in chapter 67 ? That chapter provides for the allowance of certain fixed sums, which it denominates costs, and for other indefinite sums, which it denominates disbursements, and preserves these designations throughout; but in other parts of the statutes the term costs is used, unquestionably, to indicate both what are called costs, in chapter 67, and disbursements. Thus, in chapter 66, sections 159, 170, 174, 175, 176, 177, regulating garnishee proceedings, there can be no doubt of the intention of the legislature to include disbursements, although only the word costs is used. Indeed, in looking through the statutes where the term costs is used, in most instances, except in chapter 67, it evidently includes disbursements; and when we consider what was the evident purpose of the legislature in chapter 66, section 241, there can be little doubt that the term costs, whenever in that section employed, was meant to include all allowances which may be made to a party to reimburse him for expenses and trouble in an action. The purpose of the section was to enable a defendant to avoid further expenses of litigation. A statute the object of which is to enable parties to avoid the cost of litigation is a beneficial one, and ought to be liberally construed in furtherance of its object. To accomplish this the party may offer to permit judgment to be taken against him for a specified sum and costs—that is, all the allowances to which the plaintiff is entitled up to the time his offer is accepted or deemed withdrawn; and, to enable plaintiff, in case of such an offer, to secure those

allowances, he must either accept the offer, or recover, upon the trial, a larger sum than that offered. If he chooses to take the risk of recovering less, he must take the risk of losing his right to such allowances, and of paying them to defendant.

The judgment is reversed, and it will be entered in the court below for the verdict, and with costs and disbursements to defendants.