JOSEPH D. HAMILTON, APPELLANT, v. WHITNEY, CLARK & CO. ET AL., APPELLEES.

1. **Judgment Lien:** ENTRY ON JUDGMENT RECORD. Where a transcript of judgment from the county court was filed in the district court of the proper county, and the judgment record contained the names of the judgment debtor and judgment creditor arranged alphabetically, the date of the judgment, the amount of the same etc., a purchaser of real estate in that county from the judgment debtor is chargeable with notice of the judgment lien, notwithstanding the judgment may not be entered on the general index. *Metz v. State Bank*, 7 Neb., 165, distinguished.

2. **Appeal to Supreme Court:** PRACTICE. An appellee who has taken no steps to have a decree reviewed will not on the affirmance of the judgment in the supreme court be entitled to any greater relief than was awarded to him in the court below, unless his rights are so interwoven with those of the appellant that the court in adjudicating the appellant's rights must necessarily grant the appellee additional relief.

APPEAL from district court of Fillmore county. Heard below before MORRIS, J.

*Ryan Brothers*, for appellant.

*Condgon, Clarkson & Hunt*, for appellees.

MAXWELL, CH. J.

This is an action in equity to enjoin the sale of certain real estate upon execution. The plaintiff alleges in his petition that he is the owner and in possession of the north half of out lot nineteen of the town of Geneva, in Fillmore county; that he purchased said real estate at a public sale for taxes due and delinquent from one G. W. Lowry, and that on November 3d, 1881, said property not being redeemed, he received a tax deed for the same; that on the 3d day of October, 1881, said G. W. Lowry and wife made a

quit-claim of all their interest in said lot to the plaintiff for the consideration of $300; that for a long time prior to January 11th, 1878, said Lowry was the owner of said real estate, which was vacant, and up to the spring of 1880 was worth not to exceed $100 to $150, when said Lowry built a house thereon, and moved upon said premises and occupied the same as a homestead; that on the 11th day of January, 1878, the defendants recovered a judgment against G. W. Lowry in the county court of Fillmore county, for the sum of $283.30 and costs, and on the same day filed a transcript of said judgment in the office of the clerk of the district court of said county; that in Februrary, 1885, the defendants caused an execution to be issued on said judgment and levied upon said real estate; that a sale of said property under said execution would cast a cloud upon the plaintiff's title; that no judgment in favor of the defendants was ever indexed in any manner whatever, and the plaintiff had no knowledge of such judgment being entered in the records of said court; that by reason of the failure to index said judgment it was not, and is not, a lien on said real estate.    There are other allegations to which it is unnecessary to refer.

The defendants filed an answer to which we need not call attention.

On the trial of the cause the court below found the issues in favor of the defendants to the extent of $300, and that they have a lien on said real estate for that amount.    The plaintiff appeals.

The principal ground on which the plaintiff claims relief is, the failure of the clerk to the enter the judgment on the general index.    The judgment was indexed, however, in the judgment docket, as follows:

Hamilton v. Whitney, Clark & Co.

JUDGMENT DOCKET DISTRICT COURT, FILLMORE COUNTY, NEBRASKA.

| Judgment Debtor | Judgment Creditor | Date of Judgment | | | Amt. | Costs | Date of Filing Transcript | | | Date of Execution | | | Order of Sale | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Month | Day | Year | | | Month | Day | Year | Month | Day | Year | | |
| G. W. Lowry..... | Whitney, Clark & Co | Jan. | 11 | 1878 | 288.50 | 2.80 | Jan. | 11 | 1878 | Jan. | 2 | 1883 | 190 | Returned. No property found. |
| | | | | | | EX 3.25 | County Court, Fillmore Co., Neb. | | | Feb. | 14 | 1885 | 1 | |

Sec. 321 of the code requires the clerk of the district court to keep at least eight books, viz., the appearance docket, the trial docket, the journal, the complete record, the execution docket, the fee book, the general index, and the judgment record.

Sec. 322 requires "the clerk to enter on the general index the names of the parties to each suit both direct and inverse, with the page and book where all proceedings in such action may be found. The judgment record shall contain the judgment debtor and judgment creditor arranged alphabetically, the date of the judgment, the amount of the same, and the amount of costs, with the page and book where the same may be found. Transcripts of judgments from justices of the peace or courts of probate filed in the district court shall be entered upon such judgment record."

In *Metz v. State Bank*, 7 Neb., 165, neither the general index nor the judgment record contained the name of Hall, the judgment debtor, consequently Metz who had searched the records failed to find the transcript of the judgment in favor of the bank against Hall, and purchased and paid for the real estate of the debtor. In that case it was held that the index was made a part of the record, and that a purchaser was not required to search for judgment liens further than to examine the proper index; and we adhere to that decision. The object of the index is to make the contents of the records readily accessible. Why should the legislature require one to be made unless it was intended to be correct, and to show all actions or judgments in said court against the owners of real estate. *Buchan v. Sumner*, 2 Barb. Ch., 165. *Barney v. McCarty*, 15 Iowa, 510. In this case, however, the judgment record did have the names of the judgment debtor and judgment creditor correctly indexed, and the plaintiff was chargeable with the notice thus, constructively at least, given to him.

It was plainly intimated in *Metz v. Bank, supra*, that if either the general or judgment index had apprised Metz of

the existence of the judgment he would have been chargeable with notice, and that rule will be applied in this case. But there is testimony tending to show that the plaintiff had actual notice of the existence of the liens. It appears that he was county judge when the judgment was rendered, and personally prepared and filed the transcript in the district court, therefore upon any view of the case he is chargeable with notice.

2d. Objection is made by the appellees to the limitation in the decree to $300, it being claimed that more than $400 is due on the judgment, but the defendants did not appeal and are not now in this court complaining. They are not entitled to any greater relief, therefore, than was awarded to them by the court below. An attempt was made by the plaintiff to claim that the premises were the homestead of Lowry and therefore exempt from forced sale, but the proof fails to sustain the claim. It is apparent that there is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.