MABEL MARTIN *vs*. JOHN ELWOOD and others, Trustees.

June 25, 1886.

**Schools and School-Districts—Action for Teacher's Salary.**—An order on the treasury of the district having been duly issued to the plaintiff for the amount due her as teacher, and the same having been duly presented, and payment demanded and refused, an action may be maintained against the district, even although a writ of *mandamus* might lie against the treasurer to compel him to pay the order.

Appeal by plaintiff from an order of the district court for Anoka county, *Young, J.*, presiding, sustaining a demurrer to the complaint.

*Hammons & Hammons*, for appellant.

*John G. Woolley*, for respondents.

MITCHELL, J. The material facts, as alleged in the complaint, are that the proper school-district officers drew and delivered to plaintiff two orders on the treasurer of the school-district for the amount due her as teacher of the district school; that she duly presented them to the treasurer of the district, and demanded payment, but that he refused payment, and refused to indorse thereon that the same were not paid for want of funds. No question is made as to the validity or regularity of the orders. The sole point made against the complaint is that inasmuch as it is not stated that payment was refused for want of funds, no cause of action against the school-district is alleged; that plaintiff's only remedy is by *mandamus* against the treasurer. As respects the character of the school-district's liability to plaintiff, and plaintiff's right to enforce payment of the same, we see no difference between this debt and that which any private individual

might owe. The defendant owed plaintiff this debt, which it was bound to pay upon due presentation of the orders, and demand of payment. When this demand was made, and payment refused, there is no reason why plaintiff might not proceed to enforce collection of her claim by suit. *Guilder* v. *Town of Otsego*, 20 Minn. 59, (74;) *Terry* v. *City of Milwaukee*, 15 Wis. 490. Even if a writ of *mandamus* might lie against the treasurer to compel him to pay the orders, this would not prevent plaintiff from maintaining an action against the school-district. *State* v. *Ames*, 31 Minn. 440, (18 N. W. Rep. 277.) Therefore it seems to us wholly immaterial whether there were or were not funds in the treasury with which to pay the orders.

Order reversed.