DAVID WEBB v. SCHOOL DISTRICT NO. 3 OF LAC QUI PARLE
COUNTY and Others.[1]

| 83 | 111 |
| 85 | 301 |

May 3, 1901.

Nos. 12,520—(61).

### Purchase of School Site—Presumption of Legality.

In 1881 the officers of appellant school district purchased a site for a
school house, erected a school house thereon, and the district has ever
since continued to use and occupy the same for educational and school
purposes. All the records of the district relating to the selection and
designation of such site by the voters have been lost. *Held* that, in view
of such facts, it must be presumed that the site for the school house
was selected and designated by the legal voters of the district, and that
the officers, in purchasing the same and in erecting the school house
thereon, acted within the scope of their authority. The burden to show
that the site was not designated by such voters was upon the defend-
ants.

Action in the district court for Lac qui Parle county by plain-
tiff, a taxpayer and legal voter of said county, to restrain defend-
ant school district and the trustees thereof from purchasing a
tract of land for a new school-house site. The case was tried
before Powers, J., who found in favor of plaintiff. From a judg-
ment entered pursuant to the findings, defendants appealed. Af-
firmed.

*Wellington Brown* and *Frank Palmer*, for appellants.

*A. W. Ewing* and *T. J. McElligott*, for respondent.

BROWN, J.

This action was brought to enjoin defendants from purchasing
a tract of land as a school-house site. Plaintiff had judgment in
the court below, and defendants appealed.

In 1881 defendant school district purchased and paid for a tract
of land as a site for a school house, voted the bonds of the dis-
trict, and built a school house thereon. Ever since that year the
site and school building have been used and occupied by the dis-
trict and by the voters thereof for educational and school pur-

[1] Reported in 85 N. W. 932.

poses. Regular terms of school have been taught therein, and annually the voters of the district have there assembled to transact the business of the district. The records of the school meeting at which the purchase of the site and the erection of the school building were authorized have been lost, together with all records of such district from that year to the year 1897. There is no evidence, other than the fact that the site was purchased and the building erected thereon, that the location of the site was authorized at a legally called meeting of the district, or that the legal voters of the district attended any such meeting for that purpose. On May 29, 1899, a special school meeting was duly called and held in such district for the purpose of voting upon the proposition of erecting a new school house, and "for the further purpose of designating a school-house site." At this meeting there were forty-two votes cast,—twenty against the selection of a new site, and twenty-two in favor of it. On the theory that the new site was selected by this vote, defendants threatened to purchase the same, and this action followed.

The contention of appellants is that the old site was never lawfully selected as such, and that a majority vote was all that was necessary to select and designate a new one. The statutes provide that, when a school-house site has once been designated by the voters of the district, it shall not thereafter be changed, except by a two-thirds vote. So the only question before us which we deem necessary to consider is whether the facts found by the trial court show a selection and designation by the voters of the district of the old site. The court found that

"In the year 1881 said district purchased a piece of land for a school-house site, described as follows, * * * and said school district received a deed of conveyance for the same, and paid therefor the sum of $10, and shortly thereafter built a school house thereon; and said site is now, and has been for the last eighteen years, used and occupied by the school district for school house and school purposes."

There is a presumption of general application to the effect that public officials perform their duty; that their acts are legal; and, when special authority is necessary to do a particular act, that

the act was duly authorized, and within the line of the officials' duty. The board of trustees of a school district have no authority, except it be conferred by the voters of the district, to purchase a school-house site, or to construct or erect a school house. In this case they so acted, purchased a site, erected the school house thereon, in all of which the voters of the district acquiesced for eighteen years. This raises a presumption of a valid selection and designation of the site by the voters of the district, which can only be overcome by affirmative evidence to the contrary. Any other rule might work disastrously to many of the school districts of the state. A great many of them have, no doubt, very imperfect records, or such records have become lost or destroyed; and to compel the district to make affirmative proof of the authority and validity of the acts of officers some years in the past, whenever called in question by some dissatisfied voter, would end in injustice and in turmoil and confusion. So we hold, without further remark, that the facts of the purchase of the school-house site, the erection of the school house thereon, and its continued use and occupancy by the district for eighteen years, raise a presumption that the site was duly and regularly designated by the voters of the district, which can only be overcome by affirmative proof to the contrary. This holding is based on elementary principles, and needs no citation of authorities to sustain it. We have examined all the assignments of error, and find nothing to justify a new trial.

Judgment affirmed.