BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY v. BOARD OF COUNTY COMMISSIONERS OF WRIGHT COUNTY.[1]

November 1, 1901.

Nos. 12,702—(45).

### G. S. 1894, § 7314—Costs—Change of Venue.

G. S. 1894, § 7314, construed and *held*: Costs accruing on the change of venue chargeable to the county wherein the offense is committed include those costs and disbursements for which judgment may be entered against the defendant under G. S. 1894, § 5513, but do not include the expenses incident to the running of the court during the trial, such as jurors' and court officers' fees.

Appeal by plaintiff from an order of the district court for Wright county, Giddings, J., sustaining a demurrer to the complaint. Affirmed.

*Fred H. Boardman*, County Attorney, and *C. L. Smith*, Assistant County Attorney, for appellant.

*E. S. Oakley*, County Attorney, and *C. A. Pidgeon*, for respondent.

LEWIS, J.

One Howard was indicted for a criminal offense committed in Wright county, but upon his application the venue was changed to the county of Hennepin, wherein the cause was tried. After an acquittal the county commissioners of Hennepin county presented to the commissioners of Wright county an itemized bill of expenses of the trial, which bill was paid, with the exception of the following items: The services of twelve jurors for nine days at $2 a day, $216, and the court officer in attendance, nine days, at $3 a day, $27. These items the commissioners of Wright county refused to pay, upon the ground that under the statute Wright county was not liable; whereupon this action was commenced by the Hennepin county commissioners to recover the amount. From an order sustaining a demurrer to the complaint, plaintiff appealed.

G. S. 1894, § 7314, reads as follows:

[1] Reported in 87 N. W. 846.

"When the venue is changed to another county, in a criminal case, the trial shall be conducted in all respects as if the indictment had been found in the county to which the venue is changed; and the costs accruing from a change of venue shall be paid by the county in which the offence was committed."

We are to determine whether or not the expense incurred for the payment of the jurors and court officer are costs, within the meaning of this statute.

"Costs" in civil actions, as defined by G. S. 1894, c. 67, § 5497, et seq., is a fixed amount, to be recovered by the prevailing party, and "disbursements," as defined by section 5500, are the expenses necessarily paid or incurred by the prevailing party.

In the case of Woolsey v. O'Brien, 23 Minn. 71, it was held that the word "costs," as employed in G. S. 1894, § 5405, included disbursements, upon the theory that the object of the statute was a beneficial one to the parties, and ought, in furtherance of its object, to be liberally construed, and upon the further ground that "costs," as used generally throughout the statutes, except in chapter 67, was evidently used to indicate both costs and disbursements.

Section 5513 provides that, as a part of the sentence to be pronounced, judgment may be entered that defendant shall pay the whole or any part of the costs and disbursements of the prosecution. Section 5514 reads as follows:

"The costs and disbursements, when collected, shall be paid into the treasury of the county where the conviction is had, for the use and benefit of such county, provided the provisions of this act shall in no manner interfere with or change the payment of officers', witnesses' or jurors' fees, as now provided by law."

These last two sections of the statute recognize costs and disbursements as defined with reference to civil actions, and make them applicable to criminal actions. For the reason given in the case of Woolsey v. O'Brien, supra, "costs," as used in G. S. 1894, § 7314, includes "disbursements." There is no apparent reason for distinguishing between costs and disbursements. If it were advisable to provide that the county in which the cause was tried

should pay the statutory costs, it was equally advisable that it should pay the disbursements incident to the trial.

There being no reason for making any distinction between costs and disbursements, we think the term "costs" was there used in the broad sense, as referring to all items properly taxable against the defeated party, but does not necessarily include those items of expense connected with the trial which cannot be taxed as disbursements. There are no provisions of the statute authorizing the taxation of jurors' or officers' fees against the defeated party. We are referred to the proviso contained in section 5514, supra, and it is claimed that its language implies that jurors' and all officers' fees are to be paid by the county in which the conviction was had. We cannot agree to this view. This section simply provides, in case a defendant be adjudged to pay the costs and disbursements, that during the time the same are being collected by execution or otherwise the usual provisions of the law shall be enforced as to the payment of the fees due to officers, witnesses, etc., in order that there may be no delay or hindrance to the prosecution.

There is no inequity or injustice in requiring the county in which, upon a change of venue, the cause is finally tried, to bear that proportion of expenses which are incurred by the furnishing of the officers of the court, the jurors, and witnesses for conducting the trial. It was evidently the intention of the legislature in enacting these provisions that a spirit of reciprocity should exist between the different counties of the state to this extent, and that the county wherein the offense was committed shall be held liable only for those costs and disbursements which might be taxed and adjudged against the defendant. As an authority upon this point under a similar statute, see Board v. Board, 10 Neb. 304, 4 N. W. 1055.

Order affirmed.