JOHN BROWN v. LEWIS FITCHER and Others.[1]

December 4, 1903.

Nos. 13,610—(84).

**Pleading—Complaint.**

The complaint herein was upon a school district order ·in favor of the plaintiff. *Held,* as against objections as to the sufficiency of the complaint raised for the first time on the trial, that it states a cause of action, although it fails to allege the consideration for which the order was drawn, or that there were funds in the district treasury applicable to its payment.

**Evidence.**

The trial court committed no reversible error in its rulings on the admission of evidence.

Action in the district court for Blue Earth county against defendants, as trustees of School District No. 43 in said county, to recover $153.36 upon a written order. The case was tried before Quinn, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. E. Young,* for appellants.

*W. R. Geddes,* for respondent.

START, C. J.

· The complaint herein alleges, in substance: That the defendant school district is a municipal corporation duly organized. That Lewis Fitcher, Frank Haskell, and A. H. Hanchett are the duly elected, qualified and acting director, treasurer and clerk thereof. That on November 5, 1896, the school district, by its then trustees, J. K. Knapp, director, Frank Haskell, treasurer, and Harry Towell, clerk, made and delivered to the plaintiff its written order on its treasurer for the sum of $153.36, which order is made a part of the complaint, and is in these words:

[1] Reported in 97 N. W. 416.

"No. 7.   $153.36.

"Nov. 5th, 1896.   24,434.

"To Treasurer of School District, No. 43, County of Blue Earth, Minn.

"Pay John Brown or order, one hundred fifty-three 36/100 dollars, out of any money in your hands applicable to this claim.

"For costs and disbursements.

"Harry Towell, District Clerk.

"Attest:   J. K. Knapp, Director.

"(a) Presented for payment this 5th day of Nov., 1896, and accepted but not paid, for want of funds.

"Frank Haskell, Treasurer."

That on the day of its delivery the plaintiff duly presented the order to the treasurer of the district for payment, who duly accepted the order, but refused payment thereof for the reason, which he duly indorsed thereon, of want of funds, and returned it to the plaintiff; and, further, that the plaintiff at divers times since has presented the order to the treasurer of the district, and demanded payment thereof, which was refused, and it has never been paid.

The answer admitted the allegations of the complaint as to the officers of the district and the presentation of the order for payment by the plaintiff, and as an affirmative defense alleged:

"That if, on the 5th day of November, A. D. 1896, or at any other time, one J. K. Knapp, as director, Frank Haskell, as treasurer, and Harry Towell, as clerk, respectively, of said School District No. 43, authorized, executed, and delivered a written order to this plaintiff, or to any other person, on the treasurer of said School District No. 43 for the sum of $153.36, or for any other sum, as alleged in the complaint or otherwise, that the said Knapp, Haskell, and Towell executed said order without the authority of the electors of said district, and without authority of law, and not for the benefit or for the uses and purposes of said school district."

The cause was tried by the court without a jury, and the defendant appealed from an order denying its motion for a new trial.

The only serious question presented by the record is whether the complaint states facts sufficient to constitute a cause of action. The question was raised for the first time on the trial of the action, hence the complaint must be held sufficient if, by any reasonable intendment, the facts necessary to constitute a cause of action may be inferred. Commonwealth Title Ins. & T. Co. v. Dokko, 71 Minn. 533, 74 N. W. 891.

The defendant urges two reasons why the complaint does not state a cause of action. The first is to the effect that the complaint should have alleged the consideration for which the order was drawn, so as to show affirmatively upon its face that it was drawn for an indebtedness or purpose for which the trustees were authorized to draw it. In support of this proposition the case of School District v. Thompson, 5 Minn. 221 (280), is relied upon. The cause of action in that case was predicated upon a promissory note of the school district, and there was nothing either in the instrument itself or in the allegations of the complaint to show the consideration for which it was given. The court held that it was only under exceptional circumstances that trustees of school districts were authorized to execute a promissory note, if at all, on behalf of the district; hence the complaint must show affirmatively that the note in question was given for a debt the trustees were authorized to contract. But in the case at bar the order which is the basis of the action is made a part of the complaint, and shows upon its face for what it was given, namely, "for costs and disbursements." This term has a settled and technical meaning, and signifies the statutory costs and the disbursements taxable in favor of the prevailing party in a civil action. Woolsey v. O'Brien, 23 Minn. 71; Board of Co. Commrs. of Hennepin Co. v. Board of Co. Commrs. of Wright Co., 84 Minn. 267, 87 N. W. 846. Now, the trustees of a school district are authorized to issue its orders for the payment of teachers' wages or for any other lawful purpose. G. S. 1894, § 3711. They have power to defend, or in good faith to settle, any action against the district, and as a condition of the settlement pay such costs and disbursements as could be taxed against the district. Hence it appears on the face of the order in question that it was drawn for a purpose for which orders might be lawfully drawn by the trustees. The presumption, then, is that the trustees in drawing this particular order did their duty, and that the order is valid. Such being the case, impeachment of the order must come from the defendant.

Webb v. School District, 83 Minn. 111, 85 N. W. 932; Reed v. City of Anoka, 85 Minn. 294, 88 N. W. 981; 1 Dillon, Mun. Corp. § 502. It follows that it may be fairly inferred from the allegations of the complaint that the order was given for a lawful purpose, and one for which the trustees were authorized to draw the order. The complaint, then, as against an objection made to it for the first time on the trial, must be and is held to state a cause of action, although it fails to allege directly the consideration for which the order was given.

The second objection urged to the sufficiency of the complaint is that it is not alleged that there were funds in the treasury of the school district applicable to and sufficient for the payment of the amount of the order. The objection is without merit, for such an allegation is no part of the plaintiff's cause of action. The order is not payable out of a particular fund, but generally; hence it appears on the face of the order that the defendant unconditionally owes the plaintiff the amount thereof, which, in case of judgment against it, it is bound to provide the means for paying. Therefore it is wholly immaterial whether there were or were not funds in the defendant's treasury with which to pay the order. Were it otherwise, all that a school district would have to do to prevent any action against it on a disputed claim would be to refuse to set apart any fund for its payment. See Martin v. Elwood, 35 Minn. 309, 29 N. W. 135.

The defendant also assigns as error the rulings of the court in the admission of evidence on the trial. It seems to be conceded by counsel on both sides that the trial court made findings of fact and conclusions of law favorable to the plaintiff, but they are not a part of the return to this court. We must therefore presume, in support of the trial court's decision, that its findings of fact were as favorable to the plaintiff as any reasonable view of the evidence would warrant. We have examined the record with this presumption in mind, and find that there is sufficient relevant and competent evidence to establish the plaintiff's cause of action on the merits. Therefore any technical errors which the court may have made in its rulings on the admission of evidence, whether in chief or on rebuttal, are immaterial; hence not reversible errors.

Order affirmed.