HERBERT H. GAFFEY V. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ET AL.

FILED MARCH 2, 1904.          No. 13,418.

1. **Equity Court: POWERS.** When a court of equity has taken cognizance of a case involving the right of rival claimants to the possession of leased premises, with all parties interested in the premises in court, it has full power to do equity by placing the party whom it finds entitled thereto into possession of the premises.

2. **Findings: REVIEW.** Findings of fact made in a case tried to a court are entitled to the same weight as a verdict of a jury, and a judgment inconsistent with and contrary to the findings will be reversed.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed with directions.*

*Charles O. Whedon,* for plaintiff in error.

*Hall & Marlay, contra.*

LETTON, C.

This action was begun by the Northwestern Mutual Life Insurance Company of Milwaukee, a corporation, George Woods and Mark Woods, as plaintiffs, against Herbert H. Gaffey, as defendant. The petition alleged, in substance, that the plaintiff corporation is the owner of the building in the city of Lincoln, known as the "Burr Block." That the east basement room of the building has been let to the plaintiffs Woods for the term of six years, and no other persons have any right to the possession thereof. That the defendant Gaffey has broken into said room and, unless restrained by the court, will again break into it and deprive the plaintiffs of the use and possession of said property. The prayer is that the defendant be enjoined

and restrained from breaking into said east basement room in the Burr Block, from keeping the plaintiffs out of their property, or in any manner interfering with the plaintiffs or their property, and that at the final hearing of the case the injunction may be made perpetual. A temporary injunction was granted enjoining the defendant as prayed. The defendant's answer, in substance, is as follows: that he admits the Northwestern Mutual Life Insurance Company is the owner of the building, and denies every other allegation of the petition; and for a cross-petition alleges that, on or about the first day of March, 1892, he leased from the then owners of said building the room over which the controversy in this case arises, for a term of three years. That, at the expiration of the said three years, said lease was renewed for a second term of three years, and so on until the last day of February, 1901, when he entered upon the fourth term of three years, which will expire on the last day of February, 1904. That he has been in the exclusive possession of said premises, except as hereinafter stated, as tenant of said owners and of their grantee, the insurance company, plaintiff herein. He alleges that the insurance company desired to raise the floor of the room above his, and it requested the defendant to remove a portion of his stock of goods into a room underneath the sidewalk, which he did to accommodate the insurance company, and that the said plaintiff company then occupied a large portion of his said room with its appliances for raising the floor. He alleges that the plaintiffs Woods occupied the room immediately overhead as real estate agents and live stock dealers for about three years, and that the changes made by the plaintiff insurance company in the building deprived the plaintiffs George and Mark Woods of the room they had previously occupied. That the insurance company and the Woods Brothers, on the 22d day of July, 1902, conspired together to eject him; and, when this defendant was absent from his room, they went with a force of men into said room, forcibly ejected the defendant's clerk, and put out of

said room all the property belonging to the defendant except the office desk, safe and a chair; took the lock off the door, put another lock on and locked this defendant out of said room; and that ever since said date the plaintiffs have kept the said George Woods and Mark Woods in said room, and repeatedly put out the defendant's clerk and interfered with defendant's occupation of said room. That, after the plaintiffs had obtained possession wrongfully as aforesaid, they began this action, well knowing the falsity of the petition; and by their actions in ejecting the defendant, removing his goods, etc., the defendant has been damaged $10,000. He prays that the restraining order may be dissolved; that the plaintiffs' action may be dismissed; that a mandatory injunction may be awarded requiring the said George Woods and Mark Woods forthwith to vacate the premises; to restore to the defendant all the property which they removed from there, for the sum of $10,000 damages, and for a perpetual injunction against the plaintiffs to enjoin them from interfering with the defendant's possession of said basement room. A supplemental answer and petition were afterwards filed, a recital of the contents of which is not essential to the determination of the questions at issue here. The plaintiffs filed a reply alleging, in substance, that the defendant was only a tenant from month to month until in the month of May, 1902, at which time he vacated said room, surrendered the premises and turned the same over to the plaintiff insurance company, since which date he has not been a tenant of said room; that he notified the insurance company, when he vacated said premises, that he would not pay the rent they were demanding, and they could rent to some one else, and that as soon as the repairs were completed said insurance company rented said room to the plaintiffs Woods. That the defendant never asserted any rights to said room until after he learned the insurance company had rented the room to George and Mark Woods. The plaintiffs ask that the defendant's cross-bill may be dismissed, and that the temporary in-

junction heretofore granted may be made perpetual.  A demand for a trial to a jury was made by the defendant, which was refused by the court, and this refusal is assigned as error.  The case was tried to the court, and the court made the following findings of fact and conclusions of law, and entered the following judgment:

"(1)  That the plaintiff is a corporation, as alleged in its petition, and is the owner of and in possession of lots seven (7) and eight (8), in block forty (40), in the city of Lincoln, Lancaster county, Nebraska, and that the building situate thereon is known as the 'Burr Block.'

"(2)  That on or about the first day of March, 1892, the said defendant, Herbert H. Gaffey, leased from C. C. and L. C. Burr, being then the owners of said described premises, the east basement room of said building for a period of three years, at an agreed rental of $25 a month, and that the said defendant continued in uninterrupted possession of said premises up to and about the time of the controversy arising in this case.

"(3)  That the plaintiff herein became the owner of said premises on or about the —— day of ——, and took possession thereof, but that for a long time prior thereto said premises were in possession of its receiver, appointed by the court in the foreclosure proceedings being had upon said premises, but that during all of said time the said defendant Gaffey was a tenant of such parties, in possession, and remained in the possession thereof up to the time hereinafter described.  That the said defendant Gaffey was not made a party in the foreclosure proceedings, but waived all rights thereunder by oral agreement in reference to the occupancy of said east basement room with the receiver thereof, and by oral agreement entered into various and different contracts in regard to the rental thereof, both during the ownership of the said Burrs and the plaintiff herein, and that by reason thereof said written lease herein mentioned, as made with the said Burrs, was abrogated, annulled and vacated, and that at the time of the commencement of this action the said defendant Gaffey

was a tenant of the said plaintiff by virtue of an oral agreement, holding possession of said east basement room from month to month, and had no greater claim or rights thereto than herein found.

"4. That, in order that the said plaintiff company might make certain changes and improvements in and about the said premises, the said defendant, Gaffey, voluntarily upon his part, removed from the said basement room, so occupied by him, all of his stock of goods, wares, and merchandise, consisting of plumbing and packing goods, and a general stock of plumbers, steam and gas fitters goods, in which the said defendant was a dealer, and permitted the said plaintiff to enter said basement room for the purpose of remodeling and rebuilding a part of said building.

"(5) That said defendant stored said goods, so removed by him, in a room beneath the sidewalk immediately adjacent to the room so occupied by him, but the said defendant left a portion of his property in said basement room, the property so left by him consisting of his office desk, safe, work bench and iron pipe, but said property was used by him, and was incident to the conduct and management of his said business.

"(6) That the room beneath the sidewalk herein mentioned had been occupied by the said defendant ever since the making of the written lease first herein described, and that, in removing said stock of goods from said basement room to the sidewalk space aforesaid, the said defendant fully intended to move the same back into the said basement room upon the completion of the improvements then being made by the said plaintiff, as herein described, but that the removing of such merchandise to the sidewalk space, as aforesaid, was wholly the act of the said defendant Gaffey, and without direction on the part of the plaintiff, and without the said plaintiff's knowledge, but was done for no other purpose than a matter of convenience to the said Gaffey, expecting and intending to return to said basement room upon the completion of the improvements as aforesaid.

"(7) That, prior to the commencement of this action, and while the said defendant Gaffey was in possession of the said basement room, by having his office desk, safe and work bench therein, and while expecting and intending to move his wares and merchandise therein, the plaintiff company, without notice, and without legal proceedings being had, ejected the said defendant from the said premises by removing his office desk, safe and work bench so contained in said basement room, and without the defendant's consent, and without due process of law, caused to be placed other tenants therein, and placed other tenants in possession of said basement room; that the said defendant's property was removed from said premises during the defendant's absence and that the plaintiff by and through its agents, took forcible possession of said premises, and ever since said time has had possession thereof, and excluded the defendant Gaffey therefrom.

"(8) That the said defendant Gaffey, believing that he had a right to the possession of the said premises, with violence and force of arms sought to again reenter the premises and hold the same to exclusion of the tenants and occupants thereof, who had entered upon the occupancy of the premises by and through the acts of the plaintiff herein. That such tenants so procured by the plaintiff company, and who were in possession of said premises at the time of the commencement of this action, had never prior thereto occupied the same, or had an interest therein, but that their possession of said premises commenced at the time of the controversy arising in this action, and was by and through the acts of the plaintiffs.

"Wherefore, the court finds the following conclusions of law:

"(1) That the said defendant Gaffey was wrongfully evicted from said premises by the plaintiff company and, whether he was in default of the payment of rent, or otherwise unlawfully withholding said premises, is immaterial so far as this action is concerned. He had not relinquished possession of the premises, and, therefore, the only proper

remedy to which the plaintiff company could resort was by an action of forcible entry and detainer.

"(2) That the said defendant having removed his wares and merchandise voluntarily upon his part to a damp and insecure place, whereby they became damaged, yet the court finds that he would not be entitled to recover on account thereof, the said defendant having full knowledge of the character of such place and the dangers attending the storing of such merchandise in the place selected, and the plaintiff company would in no wise be responsible for any injury or damages flowing therefrom.

"(3) That, by reason of the unlawful seizure on the part of the plaintiff of the said defendant's property, and removing it from the premises without due authority of law, as is found by the court herein, the court finds that the said defendant was damaged in the sum of $50 and for which amount the defendant is awarded judgment.

"(4). That the said defendant having threatened to reenter said premises by force, the plaintiff company is entitled to a permanent injunction against the said defendant forever enjoining him from reentering the said premises for the purpose of taking possession thereof.

"It is ordered that each party pay their own costs.

"It is therefore considered and adjudged by the court that the said defendant, Herbert H. Gaffey, do have and recover of and from the plaintiff, The Northwestern Mutual Life Insurance Company, the said sum of $50, damages as assessed by the court, with interest thereon at the rate of 7 per cent. per annum from this date until paid.

"It is further considered and adjudged by the court that the said defendant, Herbert H. Gaffey, be, and he is hereby, forever enjoined and restrained from reentering or attempting to reenter the premises hereinbefore described, for the purpose of taking possession thereof. It is further ordered and adjudged by the court that each party hereto, plaintiffs and defendant, pay their own costs herein, the costs of the plaintiffs being taxed at $44.96,

and the costs of the defendant being taxed at $28.12, for all of which execution is hereby awarded.

"To all of which both the plaintiffs and defendant duly except to each and every finding of fact and conclusion of law as found herein by the court. Each party is allowed 40 days in which to settle a bill of exceptions."

A motion for a new trial was filed and overruled, and the case has been brought to this court upon error.

The testimony has not been preserved by a bill of exceptions, and we are therefore compelled to accept the findings of fact made by the court as verity. The plaintiff in error in his petition in error makes 16 assignments; but, in the view that we take of this case, it will only be necessary to consider the fifth, sixth, seventh, eighth, ninth, tenth, eleventh and sixteenth assignments, which assignments in effect present as error that, while the court in its findings of fact found that the defendant was rightfully in possession of the premises, and that the plaintiffs ejected defendant from the same wrongfully and forcibly, without notice and without legal proceedings, yet the fourth conclusion of law made by the court erroneously found that, the said defendant having threatened to reenter said premises by force, the plaintiffs are entitled to a permanent injunction against the said defendant forever enjoining him from reentering the said premises for the purpose of taking possession thereof; and also assigning as error that the judgment of the court, wherein it was adjudged that the defendant be forever enjoined and restrained from attempting to reenter the premises for the purpose of taking possession thereof, and adjudging that the defendant pay his own costs in the case, is inconsistent with the findings of fact made by the court and therefore erroneous.

It is evident from an examination of the findings of fact that the plaintiffs, at the time of the forcible and wrongful ejection of the defendant Gaffey from the room, were not entitled to the posession of the room, and were wrongful intruders therein. This being the case we fail

to understand why a rightful owner or tenant in possession of premises should be restrained from reoccupying his own premises, merely because a wrongdoer has taken possession.

It was argued that the trial judge should be presumed to have known facts which made the judgment rendered the proper one under the circumstances, but when the evidence is not preserved, and special findings of fact are made, a reviewing court can look only to these findings, taking them as absolute verity, to ascertain whether the judgment rendered is in conformity therewith. If the judgment is inconsistent with the findings, the court can not go outside of the record in search of facts to bolster up the judgment. Nor can it presume that the trial court based the judgment upon other facts than those ascertained and set forth in its special findings. *Oliver v. Lansing*, 57 Neb. 352.

It may be said that to allow the defendant to take forcible possession of the premises in controversy might lead to a breach of the peace, but his right to the possession of the premises having been fully tried and determined in this action, all parties to the controversy being before the court, it was within the power of the court to prevent anything of this kind, by directing the intruders who were parties to this action peaceably to deliver possession to the defendant, and the powers of the court were sufficient to enforce a compliance with this order. In other words, the parties having submitted the entire issue regarding the right of the possession of the premises to the court, and the court having found for the defendant Gaffey upon that point, he was entitled to the fruits of his victory as fully as if the action had been in the form of forcible entry and detainer. It would be but a poor satisfaction to a litigant if, after establishing the rightfulness of his cause, he should receive no relief, and further be compelled to pay the costs of his effort to obtain justice. The facts as found by the court entitle the defendant Gaffey to a mandatory injunction against the plaintiffs com-

manding them to restore to the defendant the possession of the premises, perpetually enjoining the plaintiffs Woods from interfering with his possession, and enjoining the plaintiff insurance company from interfering with the defendant's rights and privileges as a tenant from month to month of said premises. For these reasons the judgment of the district court should be reversed so far as the defendant Gaffey is enjoined and restrained from taking possession of the premises, and the costs by him incurred were taxed to him.

We recommend, therefore, that the cause be reversed and remanded to the district court, with directions to said court to render a judgment and decree ordering that the said defendant Herbert H. Gaffey do have and recover of and from the plaintiff, the Northwestern Mutual Life Insurance Company, the sum of $50, damages as assessed by the court, with interest thereon at the rate of 7 per cent. per annum from the 28th day of March, 1903; that the injunction heretofore granted in this case be dissolved; that a mandatory injunction issue against the plaintiffs George Woods and Mark Woods, commanding them forthwith to vacate said premises, and to restore to the defendant his office desk, safe and work bench taken from said basement room; that the plaintiffs George Woods and Mark Woods be perpetually enjoined from in any manner interfering with the defendant's possession of said premises, and that the plaintiff insurance company be perpetually enjoined from interfering with the rights of said defendant to said room as tenant from month to month, and that the defendant recover his costs herein.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the cause is reversed and remanded to the district court, with directions to said court to render a judgment and decree ordering that the defendant Herbert H. Gaffey do have and recover of and from the plaintiff, the

Northwestern Mutual Life Insurance Company, the sum of $50, damages as assessed by the court, with interest thereon at the rate of 7 per cent. per annum from the 28th day of March, 1903; that the injunction heretofore granted in this case be dissolved; that a mandatory injunction issue against the plaintiffs, George Woods and Mark Woods, commanding them forthwith to vacate said premises, and to restore to the defendant his office desk, safe and work bench taken from said basement room; that the plaintiffs, George Woods and Mark Woods, be perpetually enjoined from in any manner interfering with the defendant's possession of said premises, and that the plaintiff insurance company be perpetually enjoined from interfering with the rights of said defendant to said room as tenant from month to month, and that the defendant recover his costs herein.

JUDGMENT ACCORDINGLY.