L. A. MARTIN v. COMMON SCHOOL DISTRICT NO. 61, MEEKER
COUNTY.[1]

December 9, 1904.

Nos. 14,079—(129).

**Public Officer.**

Where public officers act within the apparent scope of their authority,
the burden to prove an excess of power is upon the party asserting such
defense.

**Evidence.**

Evidence considered, and *held*, that it sustains a judgment rendered by
a justice of the peace against a school district for services in hauling a
load of lumber to aid in the construction of a schoolhouse.

Appeal by plaintiff from a judgment of the district court for Meeker county entered pursuant to the findings and order of Qvale, J. Reversed and remanded with instructions.

*Alva R. Hunt,* for appellant.

*M. Joseph Harrington,* for respondent.

LOVELY, J.

This action was brought in justice court to recover for certain work and labor alleged to have been performed by plaintiff for defendant in hauling certain lumber at the instance and request of its directors. Plaintiff recovered a judgment in the justice court, from which defendant appealed to the district court upon questions of law alone, where it was reversed. Plaintiff appeals.

There is no controversy about the facts. Two of the trustees of defendant school district employed plaintiff to haul the lumber, and their action in the premises was afterwards ratified by the full board by the allowance of his claim and the issuance to him of an order on the district treasurer for the amount. The treasurer subsequently refused to pay the same. This action followed. The defense to the action, as disclosed by the answer, is that the lumber hauled by plaintiff was intended to be used by defendant in the construction of a

[1] Reported in 101 N. W. 952.

new schoolhouse; that, as no schoolhouse site had ever been lawfully designated or selected by the legal voters of the district, the officers thereof were not authorized or empowered to build the schoolhouse; also that the contractors whom the trustees had engaged to perform the work of building the schoolhouse failed to execute and deliver to the district the proper bond, as required by statute. In consequence of which it was alleged and urged on this review that the plaintiff is not entitled to recover for his work and labor.

We are of opinion that the learned court below was in error in reversing the judgment of the justice. Plaintiff was in no way concerned in the proceedings by the board of education in the matter of constructing the new schoolhouse. He was an ordinary laborer, employed to perform work for the school district, and had the undoubted right to assume that the school district officers were, when they employed him, acting within the scope of their authority. It was held in the case of Webb v. School District, 83 Minn. 111, 85 N. W. 932, that: "There is a presumption of general application to the effect that public officials perform their duty; that their acts are legal; and, when special authority is necessary to do a particular act, that the act was duly authorized, and within the line of the officials' duty." This presumption applies to the case at bar. The indebtedness incurred by the contract with plaintiff comes fairly within the general authority of the board of education; hence the burden to prove the contrary was upon the defendant, even conceding that a showing such as that relied upon by the defense would be sufficient to defeat plaintiff's right of recovery.

The case is wholly unlike one commenced for the purpose of compelling affirmative action on the part of public officials, where it would be necessary for the plaintiff affirmatively to show authority in the officials to do the act sought to be enforced. Here the board of education acted in a manner apparently within the scope of their authority. There is no evidence conclusively showing that the board exceeded its authority in the matters involved in this case, the justice was warranted in finding that they did not, and his judgment should have been sustained by the district court.

What has been said covers the merits of the case. The return to

this court, though, perhaps, not all printed, discloses that all the evidence was returned by the justice, and was properly certified by him.

The judgment appealed from is reversed, and the cause remanded to the court below, with directions to enter judgment for plaintiff for the amount awarded by the justice court, with costs.