JOHN KUPKE ET AL., APPELLEES. V. CARY S. POLK ET AL., APPELLANTS.*

FILED APRIL 19, 1905. No. 13,697.

1. A joint assignment of error in a petition made by two or more persons which is not good as to all who joined therein will be overruled as to all.

* Rehearing allowed. See opinion, p. 596, *post.*

2. **Review.** Upon an appeal in an equity case in which there have been special findings of fact, but in which no bill of exceptions has been preserved, only such findings will be considered as are embraced within the issues; and the decree, if supported by the pleadings, will be upheld if, and in so far as, it is not in irreconcilable conflict with such findings.

3. **Cross-Appeal.** An appellee may, by complaint in the nature of a cross-appeal, be relieved from erroneous or unjust conditions imposed upon him by the decree appealed from.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Reversed in part.*

*Jesse L. Root* and *Byron Clark*, for appellants.

*Brown & Sidles, Matthew Gering* and *Robert Ryan*, contra.

AMES, C.

Ernest Kupke died in Cass county in this state after having executed an instrument purporting to be his last will and testament, and leaving the plaintiffs and appellees herein, Johanna Sayre and John Kupke, his sole heirs at law. After his decease the heirs conveyed their entire interest and title in his estate to the defendant and appellant Cary S. Polk, by whose means probate of the will was contested and denied. Subsequently this action was begun by the heirs for the purpose of setting aside their conveyance to Polk as having been obtained by fraudulent concealment and misrepresentation. These matters having been duly put in issue by answer and reply, the action was tried and resulted in a decree in conformity with the prayer of the petition. From this decree the defendant appealed to this court. The evidence was not preserved in the form of a bill of exceptions, but the district court made a series of special findings of fact, and appellant asks to have the decree reversed because of alleged inconsistency with these findings, and to have a decree entered in this court in conformity with them. These findings are not

models of self-consistency, but in so far as they are responsive to the issues raised upon the petition we think they are sufficient for the support of the decree. The findings negative certain allegations of fraud contained in the petition, but on the other hand they find in effect that the defendant was guilty, while negotiating the purchase of the estate, of suppressing from the knowledge of his vendors certain facts relative to the validity of the will of the deceased and affecting the value of the estate, which it was his duty to make known to them, and that through or by reason of such suppression he obtained an unjust and inequitable advantage over them in the transaction, in consequence of which they are entitled to have the conveyances set aside. By precisely what means such suppression was effected, or what were the particular circumstances that made it the duty of the defendant to disclose his knowledge of the matter, we do not know, and in the absence of a bill of exceptions have no means of ascertaining, but we are bound to presume that the evidence was sufficient to support the findings and to justify the decree rendered consistently therewith. The decree in this respect being supported by the pleadings would, in the absence of both a bill of exceptions and special findings, have been affirmed in accordance with an established rule of this court. *Pettibone v. Fitzgerald,* 62 Neb. 869; *Stansbury v. Storer,* 70 Neb. 603.

It follows of logical necessity that, in the absence of a bill of exceptions, a decree supported by the pleadings will not be set aside, because of the presence of special findings, if the latter can by any fair interpretation be seen to support it also. So here, although the defendant may have been innocent of all those acts of which the court has acquitted him, yet he must be held guilty of a wrongful suppression of facts amounting to misrepresentation or deceit, of which he stands convicted as well by the findings as by the decree itself. In other words, upon an appeal in equity, when the evidence is not preserved, every presumption will be indulged in favor of special findings in

support of the decree that obtains in such cases in support of the decree itself, and the former can overcome the latter, if at all, only when the conflict between them is sharp and irreconcilable.

It follows from the foregoing, as a matter of course, that special findings of facts not put in issue by the pleadings will be wholly disregarded, and the decree, if and in so far as it is dependent upon such facts, will be vacated and set aside, and the judgment will, when possible, be modified so as to conform to the issues and the facts pertinent thereto.

If there were nothing more in the record, the case might be disposed of by affirmance without further comment, but there is another matter.

After Polk obtained his conveyance from the heirs, he procured himself to be appointed administrator of the estate of the decedent, and in that capacity contested and defeated the probate of the alleged will, and the decree appealed from adjudicates, among other things, as follows: "It is further ordered and adjudged that the defendant Cary S. Polk holds all personal property of the estate of Ernest Kupke, other than the two notes mentioned above, in trust for the plaintiffs herein, John Kupke and Johanna Sayre, subject to the final order of distribution by the county court in said estate: that for the service rendered by the said Cary S. Polk in and about the contest of the will of Ernest Kupke, deceased, and the management and care of said estate since his appointment as administrator thereof, the said Cary S. Polk is entitled to, and is hereby allowed, a fee of $2,500, which said amount is to be retained by him from any money or personal property now in his hands belonging to said estate, and to which plaintiffs or their assignor are entitled, together with what money the said Polk has expended of his own in the care and management of said estate and taxes paid thereon." The matter thus adjudged is not embraced in the issues made by the pleadings and is foreign to the subject of the action, as much so as if Polk himself had not

41

been a party to the suit, and its inclusion in the decree was plainly erroneous. Robert M. Sayre, husband of the daughter of the deceased, was joined as plaintiff because a part of the inheritance was a tract of land in which it was supposed that he had an interest as a tenant by the courtesy initiate. But it turned out on the trial that, before the action was begun, one Herman Schmidt had purchased the land and received a conveyance of it from Polk for value and in good faith, so that his title thereto was unassailable, and was confirmed in him by the decree without objection. Robert had, therefore, never at any time any legal or actual interest in the subject matter of the litigation, and was a mere nominal party thereto, as he was and is to a motion for a new trial and to a petition in error in this court, complaining of the award of attorney's fees to Polk. It is objected that because of his joinder, and because he is not prejudiced by the judgment complained of, his coplaintiffs who are all, and the only, real parties in interest can be granted no relief, because of the familiar rule of this court that joint plaintiffs in error can obtain no advantage because of an error in the record that is not prejudicial to both or all of them. The rule relied upon is announced in *Gordon v. Little*, 41 Neb. 250, as follows: "A joint assignment of error in a petition in error made by two or more persons which is not good as to all who joined therein will be overruled as to all." The rule invoked is an extremely technical one, and for that very reason should be observed in all cases to which it is literally applicable. The fact that in any instance it may be productive of an absurdity or injustice will not introduce an exception, for the plain reason that it was not designed for the avoidance of the former, or the prevention of the latter, but for the facilitation of judicial business in compliance with prescribed formalities.

Appellees, who are also plaintiffs in error but not cross-appellants, further invoke the rule, above cited, that when upon an appeal the evidence is not preserved this court will conform the decree to the case made by the pleadings,

and also cite the statute of 1903 (code, sec. 681$a$), which requires this court, in equity appeals, "to retry the issue or issues of fact involved in the finding or findings of fact complained of and * * * reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court." That the case at bar falls within the literal provisions of this statute seems to us to be free from doubt. And it seems to us equally clear that when obedience to the statute comes in conflict with the rule announced by this court, before its passage, in *Hamilton v. Whitney,* 19 Neb. 303, that an appellee neglecting to take steps to review a decree will not, on affirmance, be entitled to any greater relief than was awarded him in the court below, the former and not the latter must prevail. However, the case does not fall strictly within the rule of the decision last cited. In the latter instance the appellees had obtained affirmative relief to the extent of a lien adjudicated in their favor for the sum of $300, which they desired to have increased, on affirmance, to $400. In this case they ask no affirmative relief additional to that awarded them by the court below, namely, the cancelation of a fraudulent conveyance, and the restoration of their estate by their fraudulent vendee. What they do object to is the burdening of their property with a lien or charge to which no reference is made in the pleadings, and the existence or validity of which they have been afforded no opportunity to litigate. In our opinion, even if the rule in *Hamilton v. Whitney, supra,* is still in force, it does not deny them this right, nor do we see how the command of the statute can be obeyed without awarding it to them. Neither, in our opinion, will the exercise of more restricted powers be adequate, in many cases, for the adjustment of the rights and equities of the parties and the administration of complete justice in equity appeals.

It is therefore recommended that the judgment of the district court, in so far as it awards affirmative relief to

the appellant, Cary S. Polk, be reversed, vacated and set aside, but that in all other respects it be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court, in so far as it awards affirmative relief to the appellant, Cary S. Polk, be reversed, vacated and set aside, but that in all other respects it be affirmed.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed January 3, 1906. *Reversed:*

**Appeal:** REVIEW. When the trial court, in an action in equity, makes special findings of fact, and no general finding, and the evidence is not preserved, the sole question for this court on appeal is whether the judgment is supported by the pleadings and the special findings. If in such case there is no finding upon a material issue, that issue must upon appeal be determined against the party on whom the burden of establishing such issue rested.

SEDGWICK, J.

A general outline of many of the leading facts in the case may be found in the former opinion, *ante,* p. 590. The argument upon the motion for rehearing was for the most part directed to the question whether the special findings of fact by the trial court are sufficient to support the decree. The rule is settled in this state that where "special findings of fact are made, a reviewing court can look only to those findings, taking them as absolute verity, to ascertain whether the judgment rendered is in conformity therewith." *Gaffey v. Northwestern Mutual Life Ins. Co.,* 71 Neb. 304, and also: "When the court makes special findings of fact, and they are silent as to a material issue, such omissions will be construed against the party on whom rested the burden of establishing such issues." *Farrell v. Bouck,* 61 Neb. 874. The

rule of this latter case is of course applicable, as in the case at bar there is no general finding.

Among the findings of the court is the following: "That at the time of procuring the said deeds and assignment from plaintiffs the defendant, Cary S. Polk, was acting for himself, and also for his codefendant, John Stroy." The allegation of the petition that Stroy was the uncle of these plaintiffs, and that he resided near where the property involved was situated, and that he had employed the defendant Polk as his attorney in the matter of this estate are denied in the answer, and there is no finding of the court upon these matters, and no finding that a confidential relation existed between the plaintiff and the defendant Stroy, which would be binding upon the defendant Polk as the attorney and associate of Stroy in this matter. It is found by the court, "that in obtaining said deeds and assignment from the plaintiffs herein the defendant Polk made no false statement concerning the matters in controversy." There is no finding that the plaintiffs did not have independent knowledge from other sources in regard to the value of the property, or the circumstances surrounding the execution of the will, nor that the plaintiffs relied upon the representations of Polk, or were induced to do so by any confidential relations existing between themselves and Stroy. The conclusions of the court must be supported by its findings of fact, and the conclusion, "that through the suppression of facts connected with and surrounding the execution of the will of Ernest Kupke, which facts were in the possession of and known by the defendant Polk at the time he negotiated for and received the deeds and written assignment from the plaintiffs herein," would not be supported by the findings of fact.

We are not entirely satisfied with the correctness of the discussion in the former opinion as to the effect of the statute of 1903, quoted therein, or the effect given to *Hamilton v. Whitney,* 19 Neb. 303. Under the above views that discussion is unnecessary to a determination

of this appeal, and we therefore do not desire to be committed to the propositions there advanced.

The decree of the district court is not supported by the findings, and our former judgment herein is vacated, and the judgment of the district court reversed. The issues presented not being all disposed of by the findings, the cause is remanded for a new trial.

REVERSED.