## STANLEY GATES, DOING BUSINESS AS STANLEY GATES & COMPANY v. FIRST NATIONAL BANK OF ST. PAUL AND ANOTHER.[1]

June 2, 1922.

No. 22,768.

Contract to buy school bonds construed.

1. Contract construed to require plaintiff to take certain bonds issued by defendant school district and pay for them not later than January 1, 1921.

[1]Reported in 188 N. W. 571.

**Finding of damages sustained.**

2. The finding that the damages resulting from plaintiff's breach of contract equalled the amount of the certified check which he had deposited to insure its performance is sustained by the evidence, and the district is entitled to the proceeds of the check, even if it were not deposited as liquidated damages.

**Meeting of school board presumed legal.**

3. The meeting of the school board at which plaintiff's proposition was accepted is presumed to have been legally called in the absence of proof to the contrary.

**New bids unnecessary when extension of time for payment is granted.**

4. Granting an extension of time to pay for a part of the bonds was not a new sale requiring new bids.

**Demand by district unnecessary.**

5. The contract imposed on plaintiff the duty to take the bonds at such time as he should elect not later than January 1, 1921, and a formal demand by the district was not necessary to place him in default.

Action in the district court for Becker county to enjoin the defendant school district from cashing a check and the defendant bank from paying it. The case was tried before Nye, J., who made findings and ordered judgment in favor of defendant school district authorizing its officials to receive the proceeds of the $1,500 check in its possession and dismissing the action upon its merits as to defendant bank. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Ambrose Tighe* and *O. H. O'Neill*, for appellant.

*H. N. Jenson*, for respondent.

TAYLOR, C.

Plaintiff is a dealer in municipal bonds and has his place of business in the city of St. Paul. Defendant school district, located in Becker county, desired to issue bonds in the sum of $50,000 for the construction of a school house for the district in the village of Lake Park. On December 1, 1919, plaintiff made an offer to the district to perform, through his attorneys, all the legal services incident to

the issuance and sale of the bonds, including the preparation of all necessary resolutions, notices and other papers, and to furnish the opinion of his attorneys as to the legality of the bonds, for one-half of one per cent of the face value thereof, and further agreed to make a bid for the bonds when issued of not less than par value plus a premium of one-half of one per cent. The district accepted this offer and the proceedings for the issuance and sale of the bonds were conducted under the direction of plaintiff's attorneys.

Bids for the bonds were received on April 3, 1921. Plaintiff was the highest bidder. His bid provided that the bonds and the interest thereon should be payable at the First National Bank of St. Paul, and as "an evidence of good faith" was accompanied by a certified check for $5,000 drawn on that bank and payable to the order of the treasurer of the district, to be held "pending compliance with the conditions of the bid if accepted." The bonds were ready for delivery May 13, 1921, but in the meantime the price of bonds had declined. Plaintiff's representative had a meeting with the school board at Lake Park on that date and proposed to take $30,000 of the bonds then and the remainder at a later date. This was satisfactory to the school board as the district did not need the money at that time and would make a saving in interest. Plaintiff also asked that when he took up $30,000 of the bonds he be allowed to substitute a smaller certified check for the $5,000 check held by the district. There was considerable discussion as to the amount for which this check should be drawn. Plaintiff suggested that $500 would be sufficient. The board refused to accept a check for less than $1,500 on the ground that the price of bonds had declined to such an extent that the district would lose at least that much if plaintiff failed to take the remainder of the bonds. As a result of this conference and at the same meeting plaintiff submitted the following written proposition:

"Inasmuch as the delivery of our interest in the $50,000 school bonds issued by your school district has been held up so that it is impossible for us to dispose of the same except at a substantial loss we propose to your board:

"That you deliver to us at once $30,000 of said bonds.

"That you allow us to take up the remaining $20,000 of said bonds on or before October 1st, 1920, at our option, and in any event to take up the same not later than January 1st, 1921. * * *

"The board is to hold our certified check or an acceptable bond of $1,500 to be returned to us upon our completion of this agreement."

This proposition was immediately accepted by the school board. Shortly thereafter the board forwarded $30,000 of the bonds to the First National Bank of St. Paul. Plaintiff paid the contract price for them to the bank and in his letter notifying the treasurer of the district that he had done so, wrote:

"Will you be good enough to mail to the First National Bank here our certified check for $5,000, requesting them to return it to us upon receiving from us (for your account as treasurer of the school district) a similar certified check in the sum of $1,500 which shall remain in your hands as a good faith deposit covering our agreement to take up the balance of the bond issue ($20,000 par value)."

The check was forwarded to the bank as requested and plaintiff substituted for it a check for $1,500 which was forwarded to the treasurer. Plaintiff failed to take the remainder of the bonds; and, learning that the district was about to cash the check because he had failed to take them, brought this action in January, 1921, to enjoin the district from cashing it and the bank from paying it. The answer of the bank is to the effect that it has no interest in the controversy and will pay the check to the party adjudged entitled to the money. The answer of the school district contains averments to the effect that the check was given and accepted as liquidated damages in case plaintiff should breach his contract to take up the remainder of the bonds; and also to the effect that the actual damages sustained by the district in consequence of plaintiff's breach of his contract will exceed the sum of $1,500 agreed upon as liquidated damages.

The trial court found that the school district had sustained actual damages in the sum of $1,500, and also that the check had been given and accepted as liquidated damages, and directed that judg-

ment be entered decreeing the school district entitled to the proceeds of the check. Plaintiff appealed from an order denying a new trial.

Plaintiff contends that the agreement of May 13, 1920, did not obligate him to take the remainder of the bonds, but merely gave him an option to take them if he should elect to do so. The agreement will not bear that construction. It required him to take the bonds not later than January 1, 1921, but gave him an option to take them at an earlier date.

Plaintiff contends that neither the finding that the check was given as liquidated damages, nor the finding that the actual damages equalled the amount of the check is sustained by the evidence. The treasurer of the school district, a bank cashier familiar with the value of such bonds, testified that on January 1, 1921, the market value of bonds had declined to such an extent that these bonds were then worth approximately $2,000 less than the price plaintiff had agreed to pay for them. This testimony is uncontradicted and is sufficient to sustain the finding that the actual loss sustained by the district equalled the amount of the check. Plaintiff insists that the damages in such a case are to be measured by the increase in interest which the borrower would have to pay to obtain the loan. Where the damages result from breach of a contract for the purchase of municipal bonds, we think they may be measured by the difference between the contract price and the market value of the bonds at the time of the breach. It is probable that either method would produce substantially the same result for the interest would need to be increased sufficiently to make the bonds worth the contract price in the market. As the actual damages equal the amount of the check, we have no need to inquire whether it was intended as liquidated damages or in the nature of a penalty as security for actual damages.

Plaintiff contends that the agreement of May 13, 1920, is invalid because one member of the school board was not present at the meeting of the board and there is no evidence that legal notice of the meeting had been given. The board met and proceeded to transact official business, and the meeting is presumed to have been leg-

ally called and the acts of the board to be valid in the absence of proof to the contrary. 9 Enc. Ev. 953; Webb v. School District No. 3, 83 Minn. 111, 85 N. W. 932; Brown v. Fitcher, 91 Minn. 41, 97 N. W. 416; Martin v. Common School Dist. No. 61, 93 Minn. 409, 101 N. W. 952; State v. Smith, 22 Minn. 218. If plaintiff claimed that the meeting was not legally called, the burden was on him to show that such was the fact and he made no attempt to do so.

We find no merit in plaintiff's claim that the agreement of May 13, 1920, was in effect a new sale of the bonds which could not be made without receiving new bids. It merely granted plaintiff an extension of time in which to make payment for a portion of them. Neither do we find any merit in his claim that sending the bonds to the First National Bank on December 30, 1920, for delivery to him on payment of the contract price was not a sufficient tender to place him in default. He obligated himself to take the bonds at such time as he should elect not later than January 1, 1921. The first steps to carry out the contract were to be taken by him and failing to take them he breached it. The duty to tender performance did not rest upon the district but upon him.

We find no errors of which plaintiff is in position to complain and the order is affirmed.