WILLIAM WEBSTER and another *vs.* COUNTY OF WASHINGTON.

October 15, 1879.

**County Commissioners—Laying out Highway—Interest of Commissioner.**—An ownership of lands contiguous to the line of a proposed county highway, which may affect or enhance the value of such lands, is not such an interest as legally precludes the owner from acting as a member of the board of county commissioners, upon a petition signed by himself and others for establishing the road.

**Same—Inquiry into Motives of Official Action.**—As a general rule the motives that may have influenced the official conduct of members of the board of county commissioners cannot be made the subject of judical inquiry for the purpose of impeaching their official acts.

Plaintiffs brought this action in the district court for Washington county, to restrain the defendant from opening and working a certain highway over their land. A demurrer to the complaint was sustained by *Crosby*, J., and the plaintiffs appealed.

*James N. Castle,* for appellants.

*L. E. Thompson,* for respondent.

CORNELL, J.    This action is sought to be maintained upon the ground that the action of the defendant board in establishing the highway in question was controlled by the vote and influence of one Cover—one of its members, and its chairman—and that it was predicated upon a petition which was not only signed by the said Cover individually, but was gotten up, circulated and presented to the board principally through his efforts and influence, he having at the time a personal interest in the laying-out of the road, and being governed, in such his individual and official acts and doings, alone by motives of pecuniary gain personal to himself and family.    It is alleged that the road prayed for in the petition, and established by the board, "run alongside of and contiguous to the homestead of the said Cover, and contiguous to certain lots" which he owned at the time, thereby greatly benefiting and enhancing the same in value, and this is the only interest complained of.    It is not pretended in the complaint that the road passed over or upon any lands of Cover, or that he had any estate or interest in any taken or appropriated for the purpose of laying it out.    No question of damages, therefore, could arise by reason of opening the road in which he could have any personal or other interest, distinct from that of any other citizen.    His only interest, upon the facts stated, was that of an adjacent proprietor of land indirectly benefited by the proximity of a new road, and the additional facilities it might give to trade and travel.    The benefit he might thus enjoy would be participated in, though perhaps in unequal degrees, by the proprietors of all lands accessible to the road, and, to a greater or less extent, by the whole public that might have any occasion to use the road. The interest was not such a direct and private one, as distinguished from one enjoyed in common with the public, as, in the absence of any disqualifying statute, would make void and

illegal the acts of a party affected by it, like those which are the subject of complaint in this action.

The principle invoked by plaintiffs, that no man shall be a judge in his own cause, and the authorities cited in its support, have no application to the facts of this case. Whatever may be thought of the propriety of Cover's conduct in the premises, he violated no legal principle, nor any statute that has been brought to the attention of the court. In respect to the motives that may have governed his official conduct and action, that is not a subject of which the courts can take any cognizance in a matter of this kind. Dillon Mun. Corp. § 248, and cases cited in note.

Order affirmed.