## WALTER N. PALMER *vs.* WILLIAM DEGAN.

Argued by appellant, submitted on brief by respondent, Oct. 10, 1894. Affirmed Oct. 16, 1894.

No. 9088.

**Findings sustained by the evidence.**

*Held,* the findings of fact are sustained by the evidence, except as to the sum of 82 cents, awarded plaintiff.

**The law concerns not itself about trifles.**

The maxim, "De minimis non curat lex," applied.

**Error not called to the attention of the trial court.**

*Held,* there being no other or greater rights involved, either directly or collaterally, in this error, than the amount of 82 cents and the costs of this appeal, the amount of the error is too small to justify a reversal, especially as it does not appear that the attention of the court below was specially called to this error in its findings.

Appeal by defendant, William Degan, from an order of the Municipal Court of the City of St. Paul, *John Twohy, Jr.,* J., made April 14, 1894, denying his motion for a new trial.

*McCafferty & Noyes,* for appellant.

*S. C. Olmstead,* for respondent.

CANTY, J. The plaintiff, in his complaint, alleges that he was the owner of a promissory note made by Lizzie Logan to him for $39, dated April 25, 1893, due in sixty days after date, and that on No-

vember 18, 1893, the defendant wrongfully obtained and got possession of the note, and willfully destroyed the same, and appropriated the same to his own use, and demands $49 damages. The answer is a general denial.

On the trial before the court without a jury the plaintiff introduced evidence tending to prove that he had this note, and gave it to a collector to collect; that the maker had married the defendant since she made the note; that the collector applied to defendant to ascertain the whereabouts of his wife, and he refused to tell him; that the note was then presented to him by the collector for payment. He took the note from the collector, and put it in his pocket, and refused to return it to the collector. A scuffle ensued, in which the collector attempted to regain possession of the note, but failed to do so. The defendant testified that the collector gave him a piece of paper, folded up, and told him it was a note from Palmer, and he took it and put it in his pocket; that then the collector by force took it out of his pocket, and kept it. It is not necessary to recite more of the evidence. The court below found that defendant wrongfully took the note from the possession of the plaintiff, and converted it to his own use, and ordered judgment for plaintiff. From an order denying his motion for a new trial, defendant appeals.

The only ground urged for reversal is that the findings are not supported by the evidence.

We are clearly of the opinion that the findings are sustained by the evidence, except in one particular. The court below found as a fact that by its terms the note in question provided for the payment of interest on the $39 at the rate of eight per cent. per annum, while there is no testimony to show whether or not there was any provision in the note for the payment of interest. If there was none, the note would still draw interest after maturity (sixty days after April 25, 1893) at the rate of seven per cent. per annum. The court found and ordered judgment for plaintiff for 82 cents more than the amount proved to be due on the note, and this is urged as a ground of reversal.

We think it is high time that the principle "*De minimis non curat lex*" should be applied to such a case as this. "A familiar instance of the application of this maxim occurs likewise in the rule observed by the courts at Westminster that new trials shall not be granted

at the instance either of plaintiff or defendant on the ground of the verdict being against evidence where the damages are less than £20.

'In ordinary,' as remarked Lord Kenyon, 'where the damages are small, and the question too inconsiderable to be retried, the court have frequently refused to send the case back to another jury.'" Broom, Leg. Max. 142.

While we approve the application of this maxim to such cases as this, we do not wish to be understood as intimating that we would apply it to a case where the amount involved in the error in the finding was as large as the equivalent of £20.

This maxim has been applied on appeal by the American courts as well as the English. "It is held that a new trial will not be ordered merely for a failure to assess nominal damages when there is a mere technical right to recover; more especially when substantial justice has been done." Hilliard, New Trials, 572, § 19, and cases cited.

Of course, there are many instances where this maxim should not be applied, however small the amount involved; but it is not necessary to enumerate those instances here; this is not one of them. There is nothing more involved here, either directly or collaterally, than this 82 cents and the costs of this appeal. The result disposes of no other or greater rights, and of no important questions. Neither does it appear that the attention of the court below was ever called to this error.

The order appealed from should be affirmed. So ordered.

(Opinion published 60 N. W. 342.)