SINGER MANUF'G CO. *vs.* T. E. POTTS *et al.*

Submitted on briefs Nov. 9, 1894.   Affirmed Nov. 28, 1894.

No. 9036.

**Contemporaneous oral agreement to vary a written contract.**

A certain oral agreement, made at the same time as the notes in suit, and as a part of the same transaction, and which varies the terms of those notes, *held* incompetent as evidence for that purpose, and no defense to the action.

**Loss of profits as damages.**

*Held,* the measure of damages for the breach of a certain contract is the loss of profits.

**Pleading such damages.**

The answer, as a counterclaim, alleges the contract price, the breach of the contract by plaintiff, and that defendants are damaged in the sum of $500. *Held,* this is not a sufficient allegation that the profits would be that sum or any sum, and defendants are entitled to recover only nominal damages.

The law concerns not itself about trifles.

Where the court, in that case, ordered judgment for plaintiff on the pleadings for the full amount of its claim, without deducting any amount therefrom for such nominal damages, *held*, if error at all, it is too trivial an error to be regarded on appeal. *Palmer* v. *Degan*, 58 Minn. 505, followed.

Appeal by defendants, T. E. Potts and Charles L. George, from a judgment of the District Court of Sherburne County, *L. L. Baxter*, J., entered May 3, 1894, against them for $541.90.

On March 9, 1891, defendant, T. E. Potts, was and for a long time had been agent for the plaintiff, the Singer Manufacturing Company, selling its sewing machines at Milaca and vicinity and collecting pay therefor. On that day he had a settlement with plaintiff and was found indebted to it $374.02. He gave it his four nonnegotiable notes for the amount, one for $74.02 and the others for $100 each. The notes bore interest and were payable at St. Paul with current exchange and ten per cent fees if collected by attorney. The defendant, Charles L. George, guaranteed the payment of the notes by a writing on the back of each before their delivery. The notes were duly presented for payment as they matured but were not paid and were protested for nonpayment and notice given to George.

This action was brought to recover of defendants the amount due on the four notes with interest, protest fees ($8.24) and ten per cent attorneys' fees ($37.40) with costs and disbursements. The defendants answered that it was orally agreed when the notes were made that defendants should have the collection of certain notes then in their hands given to plaintiff for sewing machines sold to customers, amounting to $2,000 and should be paid therefor twenty five per cent of the sums collected, by applying the same upon the four notes given by defendants; that plaintiff soon after took the collection of said sewing machine notes out of defendants' hands and refused to allow them to collect them, that these notes were all collectible, that by reason thereof defendants were damaged in the sum of $500. Plaintiff replied. When the issues came on for trial plaintiff moved for judgment upon the pleadings and the court granted the motion. Defendants excepted and judgment being entered, they appealed therefrom.

v.59 M.—16

*Bruckart & Brower* and *Taylor, Calhoun & Rhodes*, for appellants.

Evidence of an independent agreement made by parol between the parties at the time of the execution of the notes and as an inducement therefor, is competent and material and does not tend to vary the terms of the notes. *American B. & L. Ass'n* v. *Dahl*, 54 Minn. 355; *Domestic S. M. Co.* v. *Anderson*, 23 Minn. 57; *Healy* v. *Young*, 21 Minn. 389.

*Nelson, Fitzpatrick & McDermott*, for respondent.

Parol evidence is inadmissible to vary the terms of a written instrument. *City of Winona* v. *Thompson*, 24 Minn. 199; *McCormick H. M. Co.* v. *Wilson*, 39 Minn. 467; *Tower* v. *Richardson*, 6 Allen, 351; *Currier* v. *Hale*, 8 Allen, 47.

Where a note is payable on demand it cannot be shown that it was orally agreed at the same time that it should not be paid until the amount was collected from certain sources. *Curtice* v. *Hokanson*, 38 Minn. 510. Or that it should be paid out of any particular fund, or on any condition or contingency. *St. Louis P. Ins. Co.* v. *Homer*, 9 Met. 39; *Adams* v. *Wilson*, 12 Met. 138; *Bergin* v. *Williams*, 138 Mass. 544; *Harrison* v. *Morrison*, 39 Minn. 319; *Aultman & Co.* v. *Brown*, 39 Minn. 323; *Knoblauch* v. *Foglesong*, 34 Minn. 374, 38 Minn. 352; *Cowel* v. *Anderson*, 33 Minn. 374; *Gammon* v. *Ganfield*, 42 Minn. 368; *McLean* v. *Nicol*, 43 Minn. 169; *Eighmie* v. *Taylor*, 98 N. Y. 288.

CANTY, J. This is an appeal by the defendants from a judgment against them on the pleadings. The action is brought on several non-negotiable notes or contracts for the payment of money, against the defendant Potts, as maker, and the defendant George, as guarantor of the payment of the same.

The answer of each admits the making and guaranty of the instruments, and alleges that plaintiff and Potts had a settlement and an accounting, and, in consideration that he assented to the amount of the notes being due plaintiff, plaintiff orally agreed that the defendants should have the collection of divers claims owing by different parties to plaintiff, and amounting in all to $2,000, and that

plaintiff agreed to allow defendants for making such collections twenty five per cent. of the amount so to be collected, and to apply the same as payment on said notes, and, when the same were thereby paid, to surrender them to defendants, and that all of the claims were good and collectible; that, accordingly, said collections were placed in the hands of defendants, and Potts made the notes, and George guarantied them, and that afterwards plaintiff took the collections from defendants without their consent; that, if they were allowed to collect said claims, they would have been able to do so long before said notes became due, and would thereby have paid the same; and that they have at all times been willing to perform their contract and collect the claims.

As a counterclaim, defendants further allege that, by reason of said facts, they have been damaged in the sum of $500, and pray judgment for that sum.

We are of the opinion that the answers state no defense. The oral agreement set up in the answers was made at the same time with the notes. It would contradict or vary the terms of the written contract expressed in the notes, change their time of payment, and make them payable out of a special fund. For this purpose, it is incompetent, and therefore no defense to an action on the notes.

But this oral agreement is set up also as a counterclaim, and, as such, we will regard it as an independent transaction. It does not appear that defendants are entitled to recover on this counterclaim any more than nominal damages. The measure of damages for the breach of such a special contract is the loss of profits. There are no allegations showing what the profits would be. It is alleged that the amount of the claims to be collected was $2,000, and all of the same were good and collectible, and that defendants were to have twenty five per cent., amounting to $500, for collecting the same. For all that appears, it might be worth, and it might cost more than, $500 to collect the claims. The allegation that defendants were damaged in the sum of $500 is not a sufficient statement that the profits would be that sum or any sum.

Because the court below did not deduct the amount of nominal damages from the amount of plaintiff's claim when ordering judgment on the pleadings, if an error at all, is too trivial an error to

be regarded on appeal. *Palmer* v. *Degan*, 58 Minn. 505 (60 N. W. 342.)

The order appealed from is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 23.)