JOHN E. JENSEN v. CHICAGO GREAT WESTERN RAILWAY COM-
PANY.[1]

May 25, 1896.

Nos. 9975—(123).

**Damages —Directing Verdict—Harmless Error.**

The evidence would not have justified a verdict for plaintiff for any considerable amount of substantial damages. The court, instead of leaving it to the jury to assess plaintiff's damages, directed a verdict in his favor for one dollar. *Held* that, even if the evidence would have justified a verdict for a trifle more than directed by the court, yet the direction, if error, was without substantial prejudice, and no ground for a new trial.

**"De Minimis."**

The maxim "de minimis" applies.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Affirmed. .

*R. A. Walsh*, for appellant.

*Dan. W. Lawler*, for respondent.

MITCHELL, J. This action was brought to recover damages for defendant's alleged breach of its contract to transport plaintiff as a passenger from West St. Paul to South St. Paul.

[1] Reported in 67 N. W. 631.

The facts are practically undisputed. The plaintiff was accustomed to go from St. Paul to South St. Paul to his work on defendant's motor trains. On the morning in question the regular train on which he was accustomed to travel did not go out. After waiting a considerable time for it, plaintiff saw a special or irregular train, consisting of an engine and one coach, back up to the station. He immediately went to the station, and boarded the train just as it was pulling out. When the conductor came around, the plaintiff asked him if the train went to South St. Paul, and upon being answered in the affirmative paid his fare with a commutation ticket, which cost five cents. There is not a particle of evidence but that the train was started out with the intention of running it through to South St. Paul, and that the conductor answered the plaintiff's question honestly. When the train reached the station at the "shops," about a mile this side of South St. Paul, the conductor got orders not to go any further, but to go back to St. Paul. While the reason for giving this order is not directly in evidence, yet it can readily be inferred that it was because there had been a wreck between the shops and South St. Paul which had created an obstruction on the tracks, which was being, or had just been, removed, and that there were two trains south of the wreck, waiting to run through to St. Paul. Upon getting this order the conductor entered the car, and told the passengers, including plaintiff, that he had orders to come back to St. Paul, and that they would have to get off. Thereupon the plaintiff announced in apparently quite forcible terms that he for one did not propose to get off, that he had paid his fare, and wanted to go to South St. Paul, and persisted in staying in the car until it was side-tracked, and the conductor was about to lock the doors.

Whatever passed between him and the conductor after he was requested to get off furnishes no foundation for the recovery of damages, because it was caused by his own conduct in persisting in staying on the car. It appears that it was in the daytime, and that plaintiff could have readily walked down to South St. Paul, as others did, in 20 minutes. It also appears that in a very few minutes after he left the train another train started out from the shops for South St. Paul, upon which he could have ridden to his destination by paying another five-cent commutation ticket which he had on his person; but he refused to do so, proposing to stand on what he considered his legal

rights. There is not a particle of evidence that in ordering the train on which plaintiff was riding to return to St. Paul the defendant's officials were actuated by any willful or malicious disregard of the rights of the passengers. The trial court ruled, in effect, that defendant was guilty of a technical breach of its contract to carry plaintiff to South St. Paul, and directed the jury to find a verdict in his favor for one dollar. Plaintiff assigns this direction as error, his contention being that it should have been left to the jury to assess his damages.

No case was made out for exemplary damages or for injury to the feelings. All that plaintiff was entitled to, at most, was his actual damages in the way of expense,—loss of time, and inconvenience proximately resulting from defendant's breach of its contract. As it appears that an expenditure of five cents would have put the plaintiff in substantially the same condition as if defendant had carried him to his destination, it is apparent that he was not entitled to any considerable amount of substantial damages. Even if the evidence would have justified the jury in awarding him a dollar or two more than the amount directed, no new trial should be granted. The maxim "de minimis" applies. Even if the action of the court was technically error, it was error without substantial prejudice.

Order affirmed.