UNITED STATES EXPRESS COMPANY v. AUGUST T. KOERNER.[1]

July 17, 1896.

Nos. 10,045—(216).

Express Company—Limit of Liability — Concealment of Value — Right to Additional Compensation.

Defendant delivered to the plaintiff express company at St. Paul, Minn., to be carried to Washington, D. C., a sealed package containing 20 registered United States government bonds of the value of $234,000, informed it that the value was $1,000, concealed from it that they were of greater value, and paid for carrying the same 75 cents, which was the usual price

[1] Reported in 68 N. W. 181.

for so carrying such a package of the value of only $1,000.   In an action to recover additional compensation, *held*, in case of loss, the limit of plaintiff's liability was for failure to deliver $1,000 worth of such bonds, and it is not entitled to recover on the theory that, in case of loss, the limit of its liability was for failure to deliver the whole ⱷ234,000 worth of bonds.

### Same—Increase of Risk within Limit.

*Held*, further, it is entitled to recover compensation for any increase of risk within the $1,000 limit, caused by the fact that it handled and carried so valuable a package.

### Dismissal of Action—New Trial—Nominal Damages.

At the close of plaintiff's evidence the court below, on defendant's motion, dismissed the action. *Held*, this court will not grant a new trial merely because plaintiff may have been entitled to nominal damages.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial.   Affirmed.

*F. F. Davis*, for appellant.

*H. W. Childs* and *Geo. B. Edgerton*, for respondent.

CANTY, J.   The defendant, as treasurer of the state of Minnesota, purchased from the former owners 20 registered United States government bonds of the face value of $10,000 each, or a total face value of $200,000, for which he paid the sum of $234,000, as an investment of the permanent school funds of this state.   The bonds were all registered in the names of such former owners, and were by them duly assigned, on the back thereof, to the state.   Defendant, desiring to have the bonds canceled and reissued to the present owner, delivered them in a sealed envelope at St. Paul, Minn., to the plaintiff express company, to be by it carried to Washington, D. C., and there delivered to the register of the United States treasury for that purpose.   The envelope was addressed to such register, and there had been indorsed on it by defendant the words: "Bonds.   Value, $1,000."   Plaintiff's agent asked him what the package contained, and he answered, "Registered United States Bonds," and the agent stated that the charge was 75 cents, which he paid.   He received from the agent a receipt, in which it was stated that the package is "said to contain bonds, valued at $1,000," but further than that he did not disclose to plaintiff the character or value of the contents of the package. The package was safely carried to its destination, and delivered to the consignee.

On subsequently discovering that the bonds in the package were of the face value of $200,000, the express company brought this action to recover additional compensation, and alleges in its complaint that defendant fraudulently concealed from it the true value of the package, and that a reasonable compensation for carrying the same, as aforesaid, was the sum of $100. On the trial, at the close of plaintiff's evidence, the court, on defendant's motion, dismissed the action, and from an order denying a new trial plaintiff appeals.

We are of the opinion that the order appealed from should be affirmed.

While a number of plaintiff's expert witnesses testified that the service so performed was worth the sum of $117, on cross-examination each of these witnesses stated that his estimate of the value was based on the assumption that the limit of liability, in case of loss, was not $1,000, but $234,000; and when driven from this position he stated as a reason for his opinion, in substance and effect, that the express company, having prepared itself with all necessary facilities for carrying packages of great value, was by defendant's acts deprived of the opportunity to incur a larger liability and earn a larger fee in the carrying of this package; but that, laying aside these considerations, and assuming the limit of liability to be $1,000, the value of the service was 75 cents. Under the circumstances, plaintiff's liability did not exceed $1,000; in fact, it is very improbable that its liability would even amount to that for the loss of such a bond of the value of only $1,000. It was admitted on the trial that if the bonds were lost or stolen, a stranger coming into possession of them could not give title by transferring them, so that the actual loss would be the expense of applying to the treasury department, making the proper proofs, complying with its regulations, and procuring new evidence of the indebtedness represented by the bonds. Neither had plaintiff any vested right to have a larger value placed on the package for the purpose of permitting it to incur a larger liability, and thereby earn a larger fee. The consignor had a right to take the risk himself.

But it does not follow from all this that the express company was not entitled to a larger fee than it received. The limit of its liability was the cost of restoring such bonds of the value of $1,000, and no more. But, even this liability may have been considerably increased

by the fact that the aggregate face value of the bonds in the package was so great.    There is a much greater temptation to steal a package of bonds of such apparently great value than there is to steal a package of such bonds the face value of which does not exceed $1,000.    Thieves and robbers might have discovered this great apparent value while the express company would remain ignorant of it, and, the precautions for the safety of the bonds being less, the opportunity to steal them might have been greater.    While none of these facts increased the limit of plaintiff's liability, they may have increased the risk within that limit, and they might all have been taken into consideration in determining the amount of that risk and the amount of compensation which should have been allowed for the same.

But the plaintiff did not try its case on any such theory, and has not, either in the court below or in this court, raised any such question.    Besides, there is at most no evidence in the case from which the jury would be justified in finding for the plaintiff more than nominal damages in addition to the 75 cents already paid, and we would not reverse the order of the court below simply because plaintiff is entitled to nominal damages.    Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23;  Palmer v. Degan, 58 Minn. 505, 60 N. W. 342.

The order appealed from should be affirmed.    So ordered.