JOHN W. GOULDING v. WILLIAM H. FERRELL.[1]

October 23, 1908.

Nos. 15,909—(190).

**De Minimis non Curat Lex.**

Mere trifles and technicalities must yield to practical common sense and substantial justice. Therefore appellate courts, in cases not involving the trial of a right or personal character, will not reverse the judgments of trial courts for errors resulting in nominal pecuniary loss only, but will apply the maxim de minimis.

**Same.**

Where, however, the evidence tends to show that a plaintiff has sustained actual damages in some amount, the case should be submitted to the jury; and, if a verdict for nominal damages only be returned, this court will not reverse the judgment on appeal of defendant, by applying the maxim.

**Verdict Sustained by Evidence.**

The verdict of two dollars in this an action to recover damages to the sidewalk in front of plaintiff's lot by the wrongful act of the defendant is sustained by the evidence.

Action appealed from justice court to the district court for Mille Lacs county to recover $50 for damages to a certain sidewalk caus-

1 Reported in 117 N. W. 1046.

ed by leading a horse over it. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for two dollars. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied and from a judgment for the amount of the verdict and $43.02 costs entered against him, he appealed. Affirmed.

*E. L. McMillan,* for appellant.

*Charles A. Dickey,* for respondent.

START, C. J.

Action to recover damages which the plaintiff claimed to have sustained by the wrongful act of the defendant in injuring a sidewalk built and owned by the plaintiff in front of his lot abutting on a public street in the village of Princeton. The case was commenced in justice court, and brought into the district court of the county of Mille Lacs by defendant's appeal from the judgment in justice court. A trial by jury in the district court resulted in a verdict for the plaintiff for two dollars. The defendant moved the court for judgment in his favor notwithstanding the verdict or for a new trial. Motion denied, and judgment for the amount of the verdict and $43.02 costs was entered against the defendant, from which he appealed.

1. The defendant's first claim is that this court should apply the maxim that the law does not concern itself about trifles, and reverse the judgment appealed from and direct judgment to be entered for the defendant. The basis of the maxim is that mere trifles and technicalities must yield to practical common sense and substantial justice; therefore appellate courts, in cases not involving the trial of a right or personal character, will not reverse the orders or judgments of a trial court for errors resulting in a nominal pecuniary loss only to the appellant, but will apply the maxim de minimis. A brief reference to some of our decisions will illustrate the proper application of the maxim:

The default of the assured in the payment of interest, to prevent forfeiture of his policy, amounting to four cents, is too trifling to be noticed. Van Norman v. Northwestern Mut. Life Ins. Co., 51 Minn. 57, 52 N. W. 988.

An error of eighty two cents in the amount for which judgment was ordered against the appellant by the trial court is too inconse-

quential to justify a reversal. Palmer v. Degan, 58 Minn. 505, 60 N. W. 342.

Where the trial court failed to deduct from the amount of plaintiff's claim, for which judgment was ordered, the amount of nominal damages which the defendant was entitled to, it was held that the error was too trifling to be considered on appeal. Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23.

The trial court directed the jury to return a verdict for the plaintiff for one dollar. He appealed, and this court held that even if he was, under the evidence, entitled to two dollars more, it would not grant a new trial. Jensen v. Chicago G. W. Ry. Co., 64 Minn. 511, 67 N. W. 631.

Where the trial court directed a verdict for the defendant, but the plaintiff was entitled to nominal damages, a new trial was denied on the plaintiff's appeal. United States Exp. Co. v. Koerner, 65 Minn. 540, 68 N. W. 181, 33 L. R. A. 600.

Where, however, the trial court granted a new trial after verdict for the defendant, this court will not apply the maxim and reverse, even though, upon the evidence, it is probable that nominal damages only can be recovered. Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062.

Where, however, the evidence tends to show that the plaintiff has sustained actual damages in some amount, the case should be submitted to the jury, and if, in such a case, a verdict for nominal damages only be returned for the plaintiff, this court will not reverse the judgment on appeal. The trial court in this case instructed the jury to the effect that unless the plaintiff had sustained some actual damages by the wrongful act of the defendant he could not recover. Necessarily the jury found such damages; hence the case is not one for the application of the maxim.

2. The defendant further contends that there was no evidence to sustain a recovery for any amount; therefore he is entitled to a reversal and a judgment in his favor. It is urged that there was no evidence tending to show that Princeton is an incorporated village, or that the street on which the sidewalk was built was a public street. It is not material in this case whether Princeton is incorporated or not; but, if it were, we would take judicial notice that it was. The

material fact is whether there was a public street upon which plaintiff's lot abutted, which made him the owner in fee of the street to the center thereof, subject to the public easement therein. The plaintiff gave testimony, as to the competency of which no question was made, tending to establish such fact. There was also evidence tending to show that the plaintiff constructed and maintained a sidewalk of sand and cinders along the street next to his lot, and that the defendant wilfully led a horse along the sidewalk, whereby it was injured.

It is further claimed that there was no evidence of any actual damage to the walk. The plaintiff testified that it required six hours' labor, beside the material, to repair the walk, and there was evidence on the part of the defendant to the effect that common labor was twenty cents an hour. There was also evidence tending to show that the plaintiff sustained some actual damages by the act of the defendant other and different than those sustained by the public, if any. The verdict is sustained by the evidence.

Judgment affirmed.