OTTO SORENSON and Another v. SCHOOL DISTRICT NO. 28 OF OTTER TAIL COUNTY and Others.[1]

June 6, 1913.

Nos. 18,050—(134).

**Theory of case — motion to amend findings.**
     1. Where, in an action to enjoin the abandonment of a schoolhouse site and

1 Reported in 141 N. W. 1105.

the erection of a schoolhouse upon a new site and the issuance of certain bonds, the theory of the plaintiffs' cause of action made by their pleadings was that the proceedings for the selection of a new site were abortive and resulted in a failure to make any selection, and no suggestion that another site than that claimed by the defendants to have been chosen was in fact selected, was made, until it was presented in the plaintiff's motion to amend the findings, the plaintiffs could not complain of the court's failure so to find.

**Ratification of purchase of site.**

2. Purchase of a new schoolhouse site by the directors of the school district, followed by the board's order upon its treasurer for the amount of the purchase price and the payment thereof, *held* ratified by the action of the voters of the district at the next annual meeting.

**School bonds — petition for.**

3. Under Laws 1907, c. 122, § 4, providing that a petition instituting proceedings for the issuance of municipal bonds to the state shall be signed by ten or more freeholders and residents, a petition for the issuance of such bonds by a school district, which contained ten duly qualified signatures, was not rendered invalid by reason of the fact that, in addition thereto, it contained the signatures of two members of the board of directors of the district who were not personally or financially interested in the result.

**Injunction against issue of bonds.**

4. Where the resolution for the issuance of school district bonds to the state violated section 6, article 8, of the constitution, in that it provided that the first of the series should mature in less than five years, but the due date of all the bonds was changed by subsequent resolution so as to conform to the constitutional requirement, and the results of the change were inconsequential, the irregularity in the original resolution was not ground for injunction against the issuance of the bonds accordingly.

Action in the district court for Otter Tail county to restrain defendant school district and its officers from issuing and negotiating the bonds of the school district, from levying or collecting any taxes for the purpose of payment of the bonds, from abandoning the present schoolhouse site and the schoolhouse thereon, and from building a new schoolhouse upon the site described in the complaint. The case was tried before Nye, J., who made findings and as conclusion of law ordered judgment in favor of plaintiffs. From an order denying plaintiffs' motion to vacate the findings of fact and conclusions of law and for a new trial, plaintiff Jackson appealed. Affirmed.

SORENSON v. SCHOOL DISTRICT NO. 28          61

*Leonard Eriksson,* for appellant.
*Hilton & Thompson,* for respondents.

PHILIP E. BROWN, J.

Action by two resident voters and taxpayers of school district No. 28 in Otter Tail county, to enjoin the district and the officers thereof from abandoning the present schoolhouse site and the school thereon, and from erecting a new schoolhouse upon the northeast corner of the northeast quarter of the southeast quarter of section 12, Buse township in the said county, and from issuing certain bonds.

The cause was tried to the court without a jury.

Findings were made, which, in so far as necessary to elucidate the questions involved on this appeal, are substantially as follows:

On April 8, 1911, the electors of the district duly assembled for the purpose of voting upon two new schoolhouse sites described in the petition for and the call of the meeting, the one as being located on the northeast corner of the northeast quarter of the northeast quarter of section 12, and the other as on the southeast corner of the northeast quarter of the southeast quarter of section 12, in the proper township. At the meeting 27 votes were cast for the first location, and 24 for the other, but that the description first mentioned was inserted in the petition, notice, and record of the proceedings by mistake of the clerk, and some of the voters at the meeting believed that the site designated thereby was in fact the northeast corner of the northeast quarter of the southeast quarter of the same section, which description will hereinafter be referred to as the "North Site."

The court further found, in response to one of the defendants' contentions to the effect that, in consequence of certain written and oral statements made by the officers in charge of the meeting to those present, the 27 votes mentioned were really cast for the North Site, thus accomplishing its selection, that the proceedings were abortive to effect such result, and that the election resulted in a failure to select any new site.

The court also found that two acres of the land last referred to were later purchased by the board and became the property of the district by ratification, and that certain proceedings authorizing a

$2,600 bond issue by the district were legal. Judgment was ordered enjoining the defendant district, its officers and their successors in office from erecting a schoolhouse upon the North Site until such time as the same shall have been legally designated by the voters of the district as the schoolhouse site. Thereafter the plaintiffs moved for amended findings and order for judgment decreeing that the voters at the meeting selected and designated the land first referred to in the petition as a new schoolhouse site and also reversing the determinations as to the acquisition by the district of the two acres of land as above mentioned and the validity of the proceedings for the issuance of the bonds. This application having been denied, the plaintiffs appealed from an order refusing a new trial.

1. The plaintiffs claim that the court erred in refusing to find that the electors designated the land first described in the petition and call as a new schoolhouse site. The determination of this contention necessitates an examination of the issues made by pleadings and the course of the trial in this regard.

The complaint, after setting out the preliminary proceedings leading up to the meeting and the holding thereof, as recited in the findings, alleged, among other things, that no other or different proceedings were had thereat, except to vote for the two sites described in the call, and that the respective sites received the number of votes each as above stated. It then recites "that the residents and voters of said district did not authorize at said meeting, nor have they at any other meeting, either special or annual, authorized, as required by law, the change of the schoolhouse site in said district." The substance of the prayer for relief is stated at the head of this opinion. The sole defense set up in the answer consisted of the alleged result of the oral and written statements made at the meeting, as above stated, no claim being made as to any other selection. The reply denied that the electors voted "according to law upon any site for the purpose of changing or abandoning the present schoolhouse site," and specifically denied that, at the meeting in question or any other, they selected the location as claimed by the defendants as "and for a new schoolhouse site * * * or any other site." Other like allegations followed. It does not appear that the present contention

was suggested until it was presented in the motion to amend the findings.

With this recitation of the issues involved in the inquiry in mind, let us examine the contention of the appellants.

"The very object and design of all pleading by the plaintiff," says Mr. Pomeroy in his work on Remedies and Remedial Rights, § 554, "and of all pleading of new matter by the defendant, is that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting or defeating it if possible at the trial."

Mr. Dunnell, in his Minneasota Pleading, § 281, says:

"A complaint should be drawn in accordance with a definite theory as to the nature of the cause of action and the relief to which the plaintiff is entitled," and quotes with approval the following excerpt from a modern Indiana case:

"It is essential to the formation of issues and the intelligent and just trial of causes, that a complaint should proceed upon a distinct and definite theory. It would violate all rules of pleading to permit a complaint to be construed as best suited the exigencies of the case; to allow such a course of procedure would produce uncertainty and confusion, and materially trench upon the right of the defendant to be informed of the issue he is required to meet."

See also 2 Dunnell, Minn. Dig. § 7498. Correlated with these rules is the further one stated in Davis v. Wakelee, 156 U. S. 680, 689, 15 Sup. Ct. 555, 39 L. ed. 578, and approved by this court in Tozer v. Ocean Accident & Guarantee Corp. 94 Minn. 478, 485, 103 N. W. 509, 511, as follows:

"It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

For recent applications of this rule, see Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339; Denoyer v. Railway Transfer Co. 121 Minn. 269, 141 N. W. 175. The plaintiffs prevailed upon the issues

in this regard as made in accordance with their claims, and no change of attitude can be allowed.

2. Shortly after the meeting, the defendant board purchased a tract of land situated in the northeast quarter of the northeast quarter of the southeast quarter of section 12 aforesaid, containing two acres, on two sides of which there is a public highway, one half thereof being upon the land so purchased, for a schoolhouse site, and issued an order for $160 to its treasurer in payment therefor. This order was paid before the bringing of this action. This transaction was duly brought to the attention of the voters at the next annual meeting of the district held before the present action was instituted, and was approved. The court found the facts substantially as stated, and also that while the board acted without authority in the premises, yet the action of the voters at the annual meeting ratified the purchase, and that the land thus became the property of the district. The plaintiffs challenge the court's deductions in this regard. We sustain them.

3. On June 30, 1911, a petition and request was presented to the clerk of the district court to call a special meeting of the voters, signed by twelve freeholders and residents of the district, two of whom were school officers thereof, for the purpose of voting upon the expediency of issuing the bonds of the district to the state in the sum of $2,600, the same to bear interest at the rate of four per cent per annum, and the proceeds to be used for the erection of a new school house. This petition being duly presented to the governing body, a resolution was adopted that it was expedient to issue bonds to the state for the amount, and bearing interest as stated, and for the purpose mentioned, but fixed the time therein of maturity of the first bond, which was to be for $600, as July 1, 1916, the others being for lesser amounts, payable yearly, and the last maturing July 1, 1923. At a special meeting held for such purpose the electors voted to issue the bonds in accordance with the resolution. Thereafter, when the attention of the board was called to the fact that the proposed bonds did not comply with the provisions of article 8, section 6, of the Constitution, providing that state loans shall not be made

for a shorter period than five years, a resolution was adopted prolonging the due date of each bond one year.

The plaintiffs make the point that the petition by which the proceedings for the bond issue were instituted, though containing twelve signatures, was nevertheless insufficient because two of such signatures were of members of the board. The statute, Laws 1907, p. 133, c. 122,[1] provides that the petition shall be signed by ten or more freeholders and residents. The contention is that the action of the board in the premises violates the principle that no man shall be judge in his own cause. This, however, involves a misapplication of the maxim. The petition was sufficient without the signatures of the two members, and, furthermore, it would entail startling consequences to hold that a member of the board is incapacitated to act as such in matters pertaining to the ordinary affairs of the district because he has a general, as distinguished from a personal and pecuniary, interest therein. The cases cited, Kieckenapp v. Supervisors of Town of Wheeling, 64 Minn. 547, 67 N. W. 662, and Webster v. County of Washington, 26 Minn. 220, 2 N. W. 697, are not in point. Both involved alleged pecuniary interests of the member, and the latter case supports our conclusion.

Coming now to the question of the validity of the bonds: While statutory provisions regulating municipal bond issues are construed as mandatory, and we have no intention to depart from this rule in any substantial respect, yet is there a probability in the present case that any elector of the district who voted in favor of the issuance of the bonds would have done otherwise had the present situation been involved? The practical proposition presented to the electors concerned the advisability of the action for the purpose stated. No question can be raised of inherent invalidity, and the results of the change effected by the postponement in the dates of maturity are inconsequential. Said Chief Justice Start in Goulding v. Ferrell, 106 Minn. 44, 117 N. W. 1046, in speaking of the maxim de minimis: "The basis of the maxim is that mere trifles and technicalities must yield to practical common sense and substantial justice."

[1] [R. L. Supp. 1909, § 789–2 to 789–11.]
    122 M.—5.

We think that the plaintiffs have suffered no prejudice in the premises.

There is no merit in the claim that the site purchased contained less than two acres.

Order affirmed.