JOHN C. SKROVE AND ANOTHER v. THE TOWN BOARDS
OF TOWNS OF BELMONT AND CHRISTIANIA
IN JACKSON COUNTY.[1]

December 29, 1922.

No. 23,178.

**Town line road proceedings affirmed on appeal to district court.**

1. In a town road proceeding, brought to the district court on appeal, it is *held* that the evidence supports the findings of the trial court, and that the record presents no reversible error.

**Original order authorized by statute then in force—road not on town line valid.**

2. An order laying a town line road with such variations from the town line as are stated in the opinion *held* authorized by the statute under which the road proceedings were had. G. S. 1894, § 1824.

**Majority vote of members of both boards sufficient.**

3. G. S. 1913, § 2539, wherein it is provided that in town line road proceedings the board of supervisors of the respective towns, or a majority of each, "acting together as one board," shall hear and determine the same, construed and *held* to create a single commission or tribunal for such cases, and that a majority vote of the members thereof is valid and a legal determination of the proceeding; a majority vote of both town boards is not required.

**Presumption as to performance of official duties.**

4. In respect to completed official transactions, public officers having charge thereof will be presumed, in the absence of an affirmative showing to the contrary, to have performed their duties in connection therewith at the time and in the manner and form required by law.

[1]Reported in 191 N. W. 584.

**Burden of proof to overcome presumption.**

5. The burden to overcome the presumption rests with the party alleging to the contrary.

J. C. Skrove and Taulo Skrove appealed to the district court for Jackson county from an order of the joint town board of the towns of Belmont and Christiania altering a portion of a certain town road. The appeal was heard by Dean, J., who made findings, incorporating the verdict of the jury in favor of respondents on the question of damages accruing to the appellants, and after eliminating all damages awarded to appellants, affirmed the action of the town board. From the judgment entered pursuant to the order for judgment, appellants appealed. Affirmed.

*F. B. Faber* and *Haycraft & McCune*, for appellants.

*E. H. Nicholas* and *O. Thoreson*, for respondents.

BROWN, C. J.

Appeal from a judgment of the district court of Jackson county in all things affirming the proceedings had by certain town officers in the establishment of a town line road therein.

The facts as disclosed by the findings of the trial court are substantially as follows: In the year 1887 a town line road was laid out and established on the east and west line between the towns of Belmont and Christiana in Jackson county. The proceedings therefor were conducted by the members of the town board of supervisors of the respective towns acting together. The road was thereafter opened and improved and traveled and used by the public until changed and altered in certain respects by the proceedings here involved, which were had during the year 1915. At certain points in the old road the line diverged and departed from the town line to obviate natural obstacles, and in February, 1915, these proceedings were commenced for the purpose of eliminating the points of divergence, and placing the road for its entire length directly on the town line. The trial court found that the petition was in due form, definitely indicated the changes to be made in the road, and was signed by the requisite number of legal voters of the towns affected. The petition with proof of posting was filed with the

town clerk of Belmont, who, in response to the statutory duty imposed upon him, notified the members of the town board of Christiania, and of the time and place of hearing thereon at a joint meeting of the town boards; which notice was posted in the towns as required by law. At the time and place of hearing a majority of both boards attended, and, after taking some evidence in the matter, the hearing was adjourned to a later date, at which time all members of the respective boards were present and participated in the proceedings. It was then determined by a majority vote to grant the petition, and a formal order was prepared accordingly and signed by three members of the board of the town of Belmont and one member of the town of Christiania; the other two members declined to join therein. There was an appeal from the order to the district court of Jackson county, as stated, and the judgment of that tribunal affirming the order is here under review.

The several questions raised in support of the appeal do not require extended treatment in the opinion; we find from the record no sufficient reason for disturbing the judgment appealed from. The evidence fully supports the findings of the court and no reversible error appears.

1. The first point urged by appellant is that the old road, laid out in 1887, was not in fact a town line road, at least the part thereof which was not in fact on the town line, and that the town boards of the two towns had no jurisdiction to vacate it. The point is not sustained. The road was laid as a town line road in town line road proceedings, subsequently presumptively worked and improved from time to time as such by the joint authority of the towns or by the road officers of districts created and established by the towns, as required by the statute then in force in such cases. G. S. 1894, §§ 1825, 1826, 1827. It is not fatal to the validity of the road that it was not directly upon the town line. The statute under which the proceedings were conducted provides that the road may be laid "either on such line or as near thereto as convenience of the ground will admit," and that the officers in laying the road "may so vary the same either to one side or the other of such line as they think proper." G. S. 1894, § 1824.

The road was made to commence at the northeast corner of section 1, running thence west to the northeast corner of section 2, where it diverged to the south on the section line 7 chains and 44 links, approximately 500 feet, turning west a distance of about 1,000 feet, thence north to the town line, and from there, with certain other variations, similar in character to the one just mentioned, along the town line to the end of the road. The variations thus indicated were within the permission of the statute, and not such a departure as to render the proceedings a nullity. State v. Thompson, 46 Minn. 302, 48 N. W. 1111. The respective town boards therefore had jurisdiction to entertain this proceeding to remove the points of divergence and place the road on the town line its entire length. The realignment as it extends south from section 2 is not to be construed as a vacation of the town road running south on that section line. That road was laid in 1881 and is unaffected by the order involved in this proceeding.

2. The further contention that the order laying the new road is void because not signed and acquiesced in by a majority of the members of each town board is not sustained. The statute on the point provides:

"Whenever any town board receives a petition * * * praying for the location, alteration or vacation of a road on the line between that and an adjoining town, it shall immediately notify the town board of such adjoining town, and the town board of each of said towns, or a majority of each, acting together as one board, shall determine such petition." G. S. 1913, § 2539.

Thus there is created for the hearing and determination of proceedings to establish town line roads, an independent tribunal composed of a majority of the members of the affected towns, with authority, "acting together as one board," to determine the matters thereby presented. The statute does not require that a majority of the members of each town concur in an order laying out the roads, if that be the conclusion reached, but only that a majority of the members of each town shall compose the board or body authorized to act in the matter. In that situation and in the absence of a statute

to the contrary, a concurrence of a majority of the body thus constituted is as valid and legally effective as though all had joined therein. This is in accord with the general rule of the law that a majority vote of such bodies is legal and effective. 23 Am. & Eng. Enc. (2d. ed.) 366, 367, and citations. In re Treasurer's Settlement, 51 Neb. 116, 70 N. W. 532, 36 L. R. A. 746; Codman v. Crocker, 203 Mass. 146, 89 N. E. 177, 25 L. R. A. (N. S.) 980. If the former statute on the question (G. S. 1894, § 1824), be construed as requiring a majority of each town board, it is clear that there was a distinct departure therefrom by the revision of the section by R. L. 1905, § 1179. But the older statute cannot well be so construed.

3. It is also urged that the proceedings are fatally defective for the reason that there was no showing of a compliance with G. S. 1913, § 2539, requiring a copy of the proceedings to be filed in each town. As contended by counsel, the record is silent upon that matter, and does not affirmatively show whether a copy of the proceedings was so filed or not. But that is not a defect here available. The proceedings were in charge of and conducted by the officers of the respective towns and were fully completed by the final order laying the road, and, nothing appearing to the contrary, they are presumed to have performed their duties in all respects, and at the time and in the manner and form required by law. The burden to prove a failure to do so is with the party complaining or objecting to the legality of the proceedings or alleging to the contrary. Webb v. School District, 83 Minn. 111, 85 N. W. 932; Brown v. Fitcher, 91 Minn. 41, 97 N. W. 416; 22 R. C. L. 472.

4. This covers the case and all that need be said in disposing of the points made. The fact that one of the supervisors joining in the final order was a petitioner, did not, standing alone, disqualify him from official action. There is no showing that he would be specially benefited, other than as a member of the public at large. Webster v. County of Washington, 26 Minn. 220, 2 N. W. 697; State v. District Court of Hennepin County, 50 Minn. 14, 19, 152 N. W. 222; Sorenson v. School District, 122 Minn. 59, 141 N. W. 1105. There was a sufficient description of both the old and new road.

Judgment affirmed.