## NORTH GERMAN LLOYD v. ELTING.
### No. 276.

Circuit Court of Appeals, Second Circuit.
April 11, 1938.

Lamar Hardy, U. S. Atty., of New York City (David W. Wainhouse, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Colahan & Stanley, of New York City (Ellwood Colahan, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In August, 1929, the plaintiff transported to New York from Bremen, Germany, a shipment of ten cases supposed to contain earthenware. The cases were so described in the bill of lading, and the plaintiff collected its customary freight rates for earthenware; the freight for the total shipment amounting to only $14. In fact, eight of the ten cases contained Swiss watches and watch movements which the shippers were attempting to smuggle into this country. The plaintiff learned of these facts during the voyage and cooperated with the United States authorities with a view to apprehending the smugglers. On September 4, 1929, the ten cases were seized by the defendant as collector of customs of the Port of New York, and thereafter a libel of forfeiture filed by the United States resulted in a decree of forfeiture and sale. The proceeds of sale, amounting to $66,351.28, were paid to the defendant. The bill of lading under which the cases were shipped provided as follows:

"Seventh. *' * * The shipowner is entitled, in cases of incorrect declaration of contents, weights' or values of the goods, to claim double the amount of freight which would have been due if such details had been correctly given. * * *

"Twelfth. The master has a lien on all goods for payment of freight, dead-freight, and difference in freight * * *."

The freight rate on watches declared as such was one per cent. of the invoice value, but if the invoice was fraudulent, the freight was computed on the value of the goods at port of shipment or port of destination, whichever was greater. After seizure of the goods the plaintiff gave seasonable notice to the defendant of its lien for freight in accordance with sections 564 and 613 of the Tariff Act of 1922, 42 Stat. 978, 986, 19 U.S.C.A. §§ 1564, 1613 and notes, and after the sale of the goods demanded payment of its freight charges. Payment being refused, this action was brought on December 12, 1933, to recover the sum of $2,699.76, which sum was calculated at 2 per cent. on a valuation of $134,988 for the goods. After trial to the court and a jury of one, a verdict for the plaintiff was directed in the sum of $1,315, being 2 per cent. of the net proceeds of sale of the goods, less the $14 freight paid by the shippers. From judgment entered on this verdict, the defendant has appealed.

Section 564 of the Tariff Act of 1922, 42 Stat. 978, 19 U.S.C.A. § 1564 and note, provides that if merchandise, regarding which notice of lien has been filed with the collector of customs, shall be forfeited and sold, "the freight, charges, or contribution in general average due thereon shall be paid from the proceeds of such sale in the same manner as other lawful charges and expenses are paid therefrom." See, also, section 613 of the act, 42 Stat. 986, 19 U.S.C.A. § 1613 and note. The regular freight rate for declared watches and watch movements being one per cent. of the value of the goods and the bill of lading provision fixing double the regular rate for misdescribed goods, the District Court gave a judgment which represents 2 per cent. of the value as established by the forfeiture sale.

■ The appellant contends that the court erred in sustaining the validity of the bill of lading clause, because it should be viewed as establishing a penalty for incorrectly describing the goods rather than a freight rate for their carriage. We think not. In the absence of contract, the weight of authority appears to hold that a carrier is entitled to the rate which would have been due, had the shipper truthfully declared his goods. Smith v. Findley, 34 Kan. 316, 8 P. 871; Missouri, K. & T. Ry. Co. v. Trinity County Lumber Co., 1 Tex. Civ.App. 553, 21 S.W. 290; see Illinois Central R. R. Co. v. Seitz, 214 Ill. 350, 73 N.E. 585, 105 Am.St.Rep. 108; Hutchinson, Carriers, 3rd Ed., § 806; contra, United States Express Co. v. Koerner, 65 Minn. 540, 68 N.W. 181, 33 L.R.A. 600. Whether interstate carriers may validly contract for a higher rate upon goods falsely labelled, we need not consider. Ocean freight rates are wholly a matter of contract between shipper and carrier, and we can see no reason why they may not stipulate for a difference in rates between goods truly and falsely described. As this case well illustrates, the carriage of the latter is likely to entail additional trouble, expense, and long delay in obtaining payment for the transportation service. Hence, we think an agreement for double the regular rate is not so unreasonable in amount as to constitute a penalty rather than an agreed charge for the service. In North German Lloyd v. Heule, 44 F. 100, 10 L.R.A. 814, D.C.S.D. N.Y., Judge Addison Brown sustained an additional freight of 5 per cent. on the value of the mislabelled goods, although it does not appear that the question of penalty was there raised. In the case at bar we hold that the defendant took the goods subject to the lien of the carrier for freight lawfully fixed by the terms of the bill of lading.

■ But even were the stipulation for double the regular freight held to be invalid as a penalty, it would not aid the appellant. The carrier would still be entitled to charge the regular rate of one per cent. on the value of the goods at port of shipment or point of destination, whichever was greater. It was stipulated that the goods had "a forfeiture value" at New York of $134,778.01, and a foreign value of $60,629.86. One per cent. of the New York value would be more than enough to support the judgment of $1,315.

■ The plaintiff suggests that the court erred in taking 2 per cent. of the net proceeds of the forfeiture sale instead of 2 per cent. of the New York value as established by the appraisal of the Customs Examiners. Having taken no appeal, it is obvious that the plaintiff cannot complain that its recovery is too small. Mor-

ley Co. v. Maryland Casualty Co., 300 U.S. 185, 191, 57 S.Ct. 325, 327, 81 L.Ed. 593.

Judgment affirmed.

L. HAND, Circuit Judge.

I concur on the second ground, and therefore do not think it necessary to pass upon the first.